# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

No.: 16-3027

TARA L. LONG and TODD J. LONG,
Administrators of the Estate of TAMMY E. LONG, Deceased,

Appellants,

v.

ARMSTRON COUNTY d/b/a ARMSTRONG COUNTY JAIL,
and DAVID HOGUE,

Appellees.

## APPENDIX—VOLUME I (p.A-1 to A-25)

On Appeal from an Order of the Honorable Mark R. Hornak, Entered
May 31, 2016 in the United States District Court
for the Western District of Pennsylvania

### KONTOS MENGINE LAW GROUP

GEORGE M. KONTOS, ESQUIRE
CLAIRE MCGEE, ESQUIRE
603 Stanwix Street
Two Gateway Center, Suite 1228
Pittsburgh, Pennsylvania 15222
(412) 709-6162

DATED: September 23, 2016          COUNSEL FOR APPELLANT

## TABLE OF CONTENTS-APPENDIX VOLUME I

NOTICE OF APPEAL DATED JUNE 29, 2016 ………………………………………… A-1

JUDGE HORNAK'S ORDER OF MAY 31, 2016……………………………………….. A-3

JUDGE HORNAK'S OPINION OF MAY 31, 2016…………………….…………….. A-4

DOCKET ENTRIES FROM THE ORIGINATING COURT………………………….. A-18

CERTIFICATE OF SERVICE……………………………………………………………….A-25

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TARA L. LONG and TODD J. LONG, | ) | |
| Administrators of the Estate of TAMMY | ) | Civil Action |
| E. LONG, Deceased, | ) | |
| | ) | No. 15-cv-01447 |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Honorable Judge Mark R. Hornak |
| | ) | |
| ARMSTRONG COUNTY, d/b/a | ) | |
| ARMSTRONG COUNTY JAIL, and | ) | |
| DAVID HOGUE, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF APPEAL

Notice is hereby given that all Plaintiffs, Tara L. Long and Todd J. Long Administrators

of the Estate of Tammy E. Long, Deceased, in the above named case, hereby appeal to the

United States Court of Appeals for the Third Circuit from an order granting the Defendants'

Motion to Dismiss for Failure to State a Claim entered in this action on the 31st day of May,

2016.

Date: 6/29/16

/s/ George M. Kontos
George M. Kontos, Esquire
Counsel for Plaintiffs

KONTOS MENGINE LAW GROUP
603 Stanwix Street
Two Gateway Center, Suite 1228
Pittsburgh, PA 15222

**CERTIFICATE OF SERVICE**

We, George M. Kontos, Esquire and Claire McGee, Esquire hereby certify that a true and

correct copy of the foregoing Notice of Appeal that was filed in the United States District Court

for the Western District of Pennsylvania was filed on June 29, 2016 with the Clerk of Court

using the CM/ECF system and thereby becoming immediately available to the following:

THE MACMAIN LAW GROUP, LLC
David J. MacMain
101 Lindenwood Drive, Suite 160
Malvern, PA 19355
*Attorney for the Defendants, Armstrong County d/b/a*
*Armstrong County Jail and David Hogue*

By: /s/ George M. Kontos
George M. Kontos, Esquire
gkontos@kontosmengine.com

By: /s/ Claire McGee
Claire McGee, Esquire
cmcgee@kontosmengine.com

KONTOS MENGINE LAW GROUP
603 Stanwix Street
Two Gateway Center, Suite 1228
Pittsburgh, PA 15219
*Attorneys for Plaintiff*

A-2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TARA L. LONG, ET AL, | ) |
| | ) |
| Plaintiffs, | )    Civil Action No. 2:15-cv-1447 |
| | ) |
| v. | )    Judge Mark R. Hornak |
| | ) |
| ARMSTRONG COUNTY, ET AL, | ) |
| | ) |
| Defendants. | ) |

### ORDER

AND NOW, this 31st day of May, 2016, it is hereby ORDERED that Plaintiffs' federal

claims brought via 42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE; Plaintiffs' state law

claims brought under the Pennsylvania Wrongful Death Act and Survival Act are DISMISSED

WITHOUT PREJUDICE.

_____

Mark R. Hornak
United States District Judge

Dated: May 31, 2016

cc: All counsel of record

1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TARA L. LONG, ET AL, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 2:15-cv-1447 |
| | ) | |
| v. | ) | Judge Mark R. Hornak |
| | ) | |
| ARMSTRONG COUNTY, ET AL, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

**Mark R. Hornak, United States District Judge**

What happened to Tammy Long was unspeakable. Her estate and family allege that what the Defendant County did was inexcusable. The question here is whether federal civil rights law provides a remedy to the Plaintiffs. For the reasons that follow, the Court is constrained to conclude that it does not.

Tammy E. Long was a resident of Kittanning Pennsylvania, a Pennsylvania municipality that also houses the Armstrong County Jail ("Jail"). Ms. Long lived with Mr. Terry Slagle, and the two shared a residence located about a quarter mile from the Jail. Robert Crissman was an inmate at the Jail, incarcerated for violating his parole (stemming from an earlier arrest and criminal disposition).[1] Mr. Crissman is alleged to have had a lengthy criminal history, including prior incarcerations or probation for various theft, trespassing, breaking and entering, and drug related offenses. Mr. Crissman was also a member of the Jail's work-release program, called the "Trustee Program," in which inmates performed various Jail-operation tasks and in return were

---

[1] Mr. Crissman faced criminal charges for the conduct described in this Opinion and has been convicted of criminal homicide in her death. *See* Pennsylvania Court of Common Pleas of Armstrong County Criminal Docket No. CP-03-CR-0000669-2015. The facts recited here are the facts alleged in Plaintiffs' Complaint—and thus are taken as true for purposes of a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss. *See In re Avandia Mktg, Sales Practices & Prod. Liab. Litig.*, 804 F.3d 633, 634 n.2 (3d Cir. 2015).

1

granted special freedoms and privileges. Oftentimes, these tasks were performed without direct physical supervision and/or outside the confines of the Jail building. Further, members of the Trustee Program were given dark green uniforms that looked like civilian clothing. Upon his request, Mr. Crissman was assigned "tray duty" through the Trustee Program; it was Mr. Crissman's job to wait outside the Jail for a van delivering meals on trays, and to help unload these trays into the Jail.

On July 30, 2015, seven days after Mr. Crissman was locked up, he and another inmate were waiting outside of the Jail walls for the food van to arrive. The inmates were not accompanied by any guards or other Jail personnel—they were only watched by an officer in the Jail control room who could observe the inmates by camera. As the food van arrived, Mr. Crissman ran from the Jail and fled to the home of Mr. Slagle and Ms. Long. Mr. Slagle was an acquaintance of Mr. Crissman, but neither Mr. Slagle nor Ms. Long were aware that Mr. Crissman had just escaped from the Jail. Sometime thereafter, Mr. Slagle left the residence to go to work, and Ms. Long agreed to give Mr. Crissman a ride into the city. It was then that Mr. Crissman beat and murdered Ms. Long in her residence.

Plaintiffs, the Administrators of the Estate of Ms. Long, now bring suit against Armstrong County, Armstrong County Jail, and David Hogue (the warden of the Jail), alleging claims via 42 U.S.C. § 1983 for violation of the 14th Amendment's Due Process Clause, and separately under Pennsylvania Wrongful Death and Survival Acts. This Court's jurisdiction over any state law claim is dependent upon the existence of a valid federal claim. As such, that claim must be addressed first.

Plaintiffs § 1983 claims are brought under the "state-created danger" doctrine. Essentially, this doctrine allows a plaintiff to recover against the government when the

2

government affirmatively uses its authority in a way that foreseeably endangers a specific class

of plaintiffs. In the Third Circuit, a meritorious "state-created danger" claim requires plaintiffs

to meet a four-part test:

> (1) the harm ultimately caused to the plaintiff was foreseeable and fairly direct;
> (2) the state-actor acted in willful disregard for the plaintiff's safety;
> (3) there was some relationship between the state and the plaintiff; and
> (4) the state-actor used his authority to create an opportunity for danger that otherwise
> would not have existed.

*Phillips v. Cty. of Allegheny*, 515 F.3d 224, 235 (3d Cir. 2008). This case poses a number of

vexing questions about the application of the state-created danger analysis. Does the act of

conferring Trustee status and/or providing Mr. Crissman with civilian-style clothing constitute an

"affirmative act" on the part of the local government?[2] Is it foreseeable for an escaped inmate to

beat and murder an individual in the surrounding community, and do the actions of Armstrong

County and the Jail "shock the conscience"?[3] (And, for that matter, what does it mean for

conduct to "shock the conscience"?)[4] The Court need not resolve these complicated questions,

however, because Ms. Long was not a member of a discrete class of persons subjected to the

alleged harm under the third prong of the state-created danger test. Instead, the state actions

---

[2] The fourth *Phillips* element "is predicated upon the states' *affirmative acts* which work to the plaintiff's detriment in terms of exposure to danger. It is the *misuse of state authority, rather than a failure to use it*, that can violate the Due Process Clause." *See Phillips*, 515 F.3d at 235 (quoting *Bright v. Westmoreland County*, 443 F.3d 276, 282 (3d Cir. 2006)) (emphasis in original).

[3] "In *any* state-created danger case, the state actor's behavior must always shock the conscience. But what is required to meet the conscience-shocking level will depend upon the circumstances of each case, particularly the extent to which deliberation is possible. In some circumstances, deliberate indifference will be sufficient. In others, it will not." *Phillips*, 515 F.3d at 241 n.6 (quoting *Sanford v. Stiles*, 456 F.3d 298, 309 (3d Cir. 2006)) (emphasis in original).

[4] *See Estate of Smith v. Marasco*, 430 F.3d 140, 153 (3d Cir. 2005) ("The question whether a given action shocks the conscience has an elusive quality to it."); *Herrera v. Collins*, 506 U.S. 390, 428 (1993) (questioning "the usefulness of 'conscience shocking' as a legal test") (Scalia, J., dissenting).

alleged here created a danger to the general public. Such actions do not permit recovery under the state-created danger theory.

Under the third prong of the state-created danger test, Plaintiffs must show that there is "some contact such that the plaintiff was a foreseeable victim of the defendant's acts in a tort sense" *Phillips*, 515 F.3d at 242 (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 912 (3d Cir. 1997)). Such a plaintiff can be either a "specific person or a [member of a] specific class of persons" so long as the person/class was somehow related to the harm brought about by the governments actions. *Morse*, 132 F.3d at 913.

As such, "those instances where the state actor creates only a threat to the general population" are *excluded* from the reach of the state-created danger liability theory. *Id. See also Rivas v. City of Passaic*, 365 F.3d 181, 197 (3d Cir. 2004) ("[T]he relationship must be sufficiently close to exclude those instances where the state actor creates only a threat to the general population, but not so restrictive as to limit the scope of § 1983 to those instances where a specific individual is placed in danger"). When the "state actor has allegedly created a danger towards the public generally, rather than an individual or group of individuals, holding a state actor liable for the injuries of [even] foreseeable plaintiffs would expand the scope of the state-created danger theory beyond its useful and intended limits." *Morse*, 132 F.3d. at 913 n.12. On the other hand, where "the allegedly unlawful acts of the state actor affect only a limited group of potential plaintiffs, the potentially broad reach of the state-created danger theory is constrained by examining whether the plaintiff or plaintiffs were 'foreseeable' victims." *Id. See also Crockett v. Se. Pennsylvania Transp. Ass'n*, 2013 WL 2983117, at *6 (E.D. Pa. June 14, 2013), *aff'd sub nom. Crockett v. Se. Pennsylvania Transp. Auth.*, 591 F. App'x 65 (3d Cir. 2015)

("Foreseeability alone, therefore, is not sufficient to establish a discrete class; the plaintiff must be part of a *limited group* of potential plaintiffs.").

Plaintiffs contend that the harm created by the state's actions subjected a discrete class of persons, apart from the public in general, to harm—namely, "residents in close proximity of the Armstrong County Jail."[5] ECF No. 14, at 10. However, this class definition does not identify a subset of the "general population" that faced a specific, and specifically foreseeable, threat of harm at the hands of the state.[6] Instead, the alleged actions of Armstrong County and the Jail created a threat to the "general population" or "public at large." As explained by the Third Circuit, such threats to the general population are not actionable under the state-created danger theory of liability. *Morse*, 132 F.3d at 913.

How do we know that inadequate prison security measures create only a threat to the public generally (rather than some specific or discrete class of plaintiffs)? The Third Circuit told us in *Commonwealth Bank and Trust Co. v. Russell*, 825 F.2d 12 (3d Cir. 1987)—a case in which the Third Circuit analyzed an almost parallel factual scenario and determined that the plaintiff could not recover against the government. In *Russell*, the plaintiff alleged that an inmate at Potter County (PA) Jail was imprisoned on charges of homicide, burglary, robbery and theft. *Id.* at 13. According to the *Russell* complaint, the prison's confinement measures and officer training were severely deficient; for example, prison officials never conducted a head-count when the prisoners were returned to their cells after recreation because a number of locks in the cell block area were inoperable. *Id.* These deficient conditions allowed an inmate to escape the

---

[5] At oral argument, Plaintiffs did not specify how close of a proximity to the Armstrong County Jail one would need to be to fall into their alleged "discrete class of persons." Plaintiffs suggested possible classes including those within eye-sight of the jail or those within walking distance of the jail, but argued that Plaintiffs need not define the specific confines of the class for the Court to conclude that Ms. Long fell within *some* actionable class.

[6] As noted by the court in *Martorano v. City of Philadelphia*, 2009 WL 3353089, at *3 (E.D. Pa. Oct. 14, 2009), this focuses on a connection between the state actor and the plaintiff that is sufficiently immediate, personal, and temporally close so as to take a plaintiff out of the general public and make *that* plaintiff a foreseeable victim.

prison, either by using a ladder and horseshoes to climb over a "deteriorating" wall or by

accessing unsecured windows to get to the roof of the Jail. *Id.* After this inmate escaped, he

stole a gun and murdered citizens of the surrounding Potter County community. *Id.*

The *Russell* plaintiffs contended that the unsafe conditions of the jail "created a situation

that posed an immediate threat to the life and safety of individuals, such as the [murder victims],

who resided in the community surrounding the jail." *Id.* at 16. The Third Circuit, however,

rejected this argument. Citing the Supreme Court's decision in *Martinez v. California*, 444 U.S.

277 (1980),[7] the *Russell* Court held that the plaintiff's claims "must fail because the residents in

the communities surrounding the jail are part of the 'public at large.'" *Russell*, 825 F.2d at 16.

Since the defendants (the prison and county officials) had "no knowledge of danger peculiar to

the [murder victims], as distinguished from other members of the general public" the plaintiffs

could not "reasonably be characterized as individuals who defendants knew 'faced any special

danger.'" *Id.* at 15–16.[8]

And, indeed, Plaintiffs all but concede that if *Russell* is still controlling law, their claims

would fail.[9]  Instead, Plaintiffs argue that "*Russell* is inapplicable to the case at bar" because it

---

[7] In *Martinez* a 15 year old girl was tortured and then murdered by a parolee five months after the parolee's release from prison. According to the *Martinez* complaint, the state officials were fully informed of the parolee's dangerous propensities and the likelihood that he would commit another crime, but the state could not be held liable, in part because the "parole board was not aware that [plaintiffs'] decedent, as distinguished from the public at large, faced any special danger." *Martinez*, 444 U.S. at 285.

[8] Defendants filed a notice of supplemental authority recognizing a factually similar Eight Circuit case that also concludes (consistent with *that* Circuit's precedent) that "membership in the general public" does not suffice to state a "precisely definable group." *Kruger v. Nebraska*, 2016 WL 1376343, at *8 (8th Cir. Apr. 7, 2016). In *Kruger* the state released a prisoner about half-way through his twenty-one year sentence. Plaintiffs pled that the prisoner was known to have violent propensities, but that his medical recommendations were altered so as to allow for his release. Three weeks after the prisoner's release, he murdered the *Kruger* plaintiff. *Kruger* is similar to this case, but is also factual distinguishable; indeed, it is more akin to the "probation" or "prisoner release" line of cases following in the footsteps of *Martinez*. In any event, the conclusions reached in this Opinion are based on principles of Third Circuit law, not Eighth Circuit law.

[9] In response to questioning at argument, Plaintiffs took the position that *Russell* would be resolved differently if the case were decided today. Independently, this Court also concludes that *Russell* is not compatible with the Plaintiffs' theory of liability. Though there are some facts in this case that differ significantly from *Russell*—most notably, the

6

was decided before the Third Circuit explicitly articulated the four part analysis for state-created danger theory claims in *Kneipp v. Tedder*, 95 F.3d 1199 (3d Cir.1996). ECF No. 14 at 6. Further, Plaintiffs argue, *Russell* was decided prior to the "expansion of the third prong as discussed in *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902 (3d Cir. 1997) and *Bright v. Westmoreland County*, 443 F.3d 276 (3d Cir. 2006)." ECF No. 14 at 6. Certainly, the Third Circuit has not overruled or explicitly questioned the validity of *Russell*; nonetheless, Plaintiffs ask this Court to sidestep its holding for purposes of this case. This Court does not believe that subsequent Third Circuit case law has implicitly overruled *Russell*, and thus it is bound to apply *Russell* to this case. *See Crockett v. Se. Pennsylvania Transp. Ass'n*, 2013 WL 2983117, at *1 (E.D. Pa. June 14, 2013), *aff'd sub nom. Crockett v. Se. Pennsylvania Transp. Auth.*, 591 F. App'x 65 (3d Cir. 2015) (concluding that plaintiff's argument that a prior precedent "is irrelevant because it preceded the Third Circuit's official adoption of the state-created danger theory in *Kneipp*" has "little, if any merit").

First and foremost, the holding in *Russell* is substantively consistent with the Third Circuit's later *Morse* and *Bright* decisions. Plaintiffs contend that *Russell* differs because it required plaintiffs to allege that "they faced a particular threat of harm which set them apart from the general public," while the *Morse* and *Bright* opinions allowed a state-created danger action to be brought by a "discrete class of persons." ECF No. 14 at 7–8. But in this context, these two rules say the same thing. The need to delineate an "*identifiable* and *discrete* class of persons" is to ensure that this "specific class" is "a sufficiently discrete group of persons who could have

---

Jail's policy of providing Trustee workers with civilian-style clothing—those facts do not separate this case from *Russell* in the sense that the state created a harm only to the public in general. Indeed, bestowing civilian-style clothing on the Trustee workers appears to *expand* the number of potential victims of harm from an escaped prisoner. Civilian-style clothing would, presumably, allow Mr. Crissman or another escapee a greater ability to run further (and longer) from the prison before being noticed—thus subjecting a broader population to potential harm under the Plaintiffs' theory.

7

A-10

been foreseeable victims" of the harm caused by the government's actions. *Morse* 132 F.3d at

913–14 (emphasis added). In other words, plaintiffs must identify a "discrete class of persons"

to ensure that these persons "faced a particular threat of harm which set them apart from the

general public." *Id.* The discussions in *Morse* and *Bright* do not change the holding in *Russell*

that the plaintiff or plaintiffs must be specially situated victims—that is, sufficiently discrete and

somehow set apart from the general public. *Morse* and *Bright* make explicit what was already

implicit—that sometimes a discrete *class* of plaintiffs will be uniquely set apart from the public

in general as potential or foreseeable victims of the harm caused by a state actor. *Russell* is

entirely consistent with the later Third Circuit holdings. Since *Russell* teaches that "residents in

the communities surrounding the jail are part of the 'public at large,'" Plaintiffs' proffered class

definition cannot fulfill the third prong of the state-created danger test.

Adding credence to this point is the fact that *Russell* was cited favorably in these and

other subsequent cases. In *Morse* itself, the Third Circuit did not disown or disavow *Russell*, but

instead recognized that *Russell* "addressed the issue of who qualifies as a 'foreseeable plaintiff'"

for these sorts of claims; that is, *Morse* itself recognized *Russell* as helping to establish the

contours of a cognizable state-created danger theory claim. *Id.* at 912–13 ("[O]ur statements in

*Commonwealth* [*Bank & Trust Co. v. Russell*] and *Mark* [*v. Borough of Hatboro*, 51 F.3d 1137

(3d Cir.1995)], exclude from the reach of the state-created danger theory those instances where

the state actor creates only a threat to the general population."). More recent cases from courts in

this Circuit also cite *Russell* favorably and in support of their state-created danger holdings. *See*,

*e.g.*, *Henry v. Philadelphia Adult Prob. & Parole Dep't*, 2007 WL 2670140, at *8 (E.D. Pa. Sept.

6, 2007), *aff'd sub nom. Henry v. Philadelphia Adult Prob. and Parole*, 297 F. App'x 90 (3d Cir.

2008); *Fleckenstein v. Crawford*, 2015 WL 5829758, at *24 (M.D. Pa. Oct. 1, 2015).[10]

Perhaps more importantly, the holding in *Russell* is consistent with more recent cases

from courts in this Circuit considering the third prong of the state-created danger test. For

example, in *Crockett v. Se. Pennsylvania Transp. Ass'n*, the court concluded that individuals who

rode the South Eastern Pennsylvania Transit Authority (SEPTA) trains were "indistinguishable

from the general population at large" and thus could not constitute a discrete class of persons

subject to the harm allegedly caused by the state. *Crockett*, 2013 WL 2983117 at *6. *aff'd sub

nom. Crockett v. Se. Pennsylvania Transp. Auth.*, 591 F. App'x 65 (3d Cir. 2015). *See also

Burnette v. City of Philadelphia*, 2013 WL 1389753, at *6 (E.D. Pa. Apr. 5, 2013) (also holding

that "SEPTA passengers do *not* constitute a 'discrete class' of potential plaintiffs under the state-

created danger doctrine."). As analyzed by *Crockett*, the "Third Circuit has only found [the

discrete class of plaintiffs requirement] satisfied when the state actor had 'individualized

---

[10] Other cases recognize *Russell* as part of the development of the "foreseeability" prong of the state-created danger analysis, but do not rely upon *Russell*, as such. *See, e.g., Lipscomb v. Pennsylvania Bd. of Prob. & Parole*, 2013 WL 706046, at *3 (E.D. Pa. Feb. 27, 2013), *aff'd sub nom. Lipscomb v. Pennsylvania Bd. of Prob. & Parole*, 553 F. App'x 240 (3d Cir. 2014); *Tallman v. Barnegat Bd. of Educ.*, 43 F. App'x 490, 499 (3d Cir. 2002).

Perhaps the only case implying that *Kneipp* so changed the state of the foreseeability analysis that precedent prior to *Kneipp* should be considered overruled is *Hillard v. Lampeter-Strasburg Sch. Dist.*, 2004 WL 1091050, at *6 (E.D. Pa. May 13, 2004). In *Hillard*, the Court analyzed whether *Doe v. Methacton Sch. Dist.*, 880 F. Supp. 380, 386 (E.D. Pa. 1995) compelled the conclusion that there was no "relationship" between the plaintiff and defendant in the case. In support of the conclusion that *Methacton* did *not* compel such a result, the court noted that *Methacton* "occurred prior to the Third Circuit's holding in *Kneipp*, which appears to expand the definition of 'some relationship.'" *Hillard*, 2004 WL 1091050, at *6. However, even *Hillard* did not go so far as to say that *Kneipp* and its progeny somehow overruled or invalidated *Russell*. Instead, *Hillard* recognized that the factual situations in *Russell* and *Martinez* were distinctly different than the factual situations in *Hillard* and *Methacton*. According to *Hillard*, *Russell* and *Martinez* established a rule that "where members of the public were victims of crime, no special relationship exists between the state and the plaintiff." *Id.* at *6. The Court need not accept that *particular* framing of *Russell* here (because there may, in some future factual setting, be cases in which a criminal act will give rise to state-created danger liability). Important for the analysis here, however, is that even *Hillard*, which broached the argument raised by Defendants, did not conclude that *Russell* had been overruled by *Kneipp*'s formulation of a four factor test for state-created danger liability.

Plaintiffs have not pointed this Court to any other cases that suggest (much less conclude) that *Kneipp*, *Morse*, and *Bright* have overruled *Russell*. Independently, this Court has not found any such cases either.

9

relationships involving personal contact in close temporal proximity to the injury suffered.'"
*Crockett*, 2013 WL 2983117 at \*6 (quoting *Martorano v. City of Philadelphia,* 2009 WL
3353089, at \*3 (E.D. Pa. Oct.14, 2009)). "Under this framework," the court continued, "a
plaintiff is not part of a discrete class if the risk applies to thousands, or even hundreds, of
people." *Crockett*, 2013 WL 2983117 at \*6 (citing *Buchanan–Moore v. Cnty. of Milwaukee*, 570
F.3d 824, 828 (7th Cir. 2009) and *Jones v. Reynolds,* 438 F.3d 685, 698 (6th Cir. 2006)).[11]   As
*Crockett* shows, it is still very much the rule that a state-created harm to the "general public" is
not actionable under the state created danger theory.  And in this regard, *Crockett* is far from
alone.  *See Bensinger v. Twp. of Hegins*, 2016 WL 1242353, at \*5 (M.D. Pa. Mar. 30, 2016)
(where plaintiff alleged that a police officer failed to intervene before an individual committed
suicide, plaintiff failed to plead the "third factor" because "Plaintiff was more of a 'member of
the public in general,' as opposed to a 'discrete class of persons subjected to the potential harm
brought about by the state's actions.'").  *See also Lipscomb v. Pennsylvania Bd. of Prob. &
Parole*, 2013 WL 706046, at \*5 (E.D. Pa. Feb. 27, 2013), *aff'd sub nom. Lipscomb v.
Pennsylvania Bd. of Prob. & Parole*, 553 F. App'x 240 (3d Cir. 2014) (class consisting of police
officers acting in the line of duty was insufficiently discrete where plaintiff, a police officer, was
killed by a parolee who had repeatedly violated his conditions of parole); *Martorano v. City of
Philadelphia*, 2009 WL 3353089, at \*3 (E.D. Pa. Oct. 14, 2009) (class consisting of "citizens of
Philadelphia" was insufficiently discrete where plaintiff crashed her vehicle in a section of the
city park that government officials knew to be dangerous); *Watson v. Methacton Sch. Dist.*, 513
F. Supp. 2d 360, 377 (E.D. Pa. 2007) (class consisting of "travelers within the vicinity of

---

[11] There is no allegation in Plaintiffs' Complaint as to what number of people, by virtue of their proximity to the jail,
live within a zone of heightened danger from escaped prisoners of Armstrong County Jail.  Such a specific
quantification of a class might not need to be pled in every case if the plaintiff is able to plead that some enumerated
(yet unquantified) class is discrete and specific enough to fulfill the state-created danger standard.

Methacton High School" after the school sponsored post-prom party ended was insufficiently discrete where plaintiff was injured in a vehicle accident with a post-prom party participant after the party ended); *Solum v. Yerusalim*, 1999 WL 395720, at *5 (E.D. Pa. June 17, 1999) *aff'd*, 211 F.3d 1262 (3d Cir. 2000) (class consisting of "drivers on Route 1" was insufficiently discrete where plaintiff alleged that a particular stretch of highway was dangerous because there had been a number of known accidents on the highway).[12]

---

[12] Facially, *Solum* appears to differ from *Reed v. Gardner*, 986 F.2d 1122, 1127 (7th Cir. 1993), which was cited favorably in both *Morse* and *Kneipp*. Plaintiffs relied heavily on *Reed* to argue that they have fulfilled the third prong of the state created danger test. But *Reed* does not compel such a conclusion.

In *Morse*, the Third Circuit recognized that *Reed* "is illustrative" of how cases have "held state actors liable for creating a risk to a definable class of persons" (rather than to just individuals). *See Morse*, 132 F.3d at 913.

In that case, police officers arrested the driver of a vehicle, Cathy Irby, and left behind her intoxicated passenger, Larry Rice, with the keys to the car. A few hours later Rice, while driving Irby's car, collided head on with plaintiff's vehicle, killing plaintiff's wife and pre-natal son, and injuring the plaintiff, his two daughters and his inlaws. The court of appeals reversed the lower court's dismissal of plaintiff's state-created danger claim, noting that "it was the police action in removing Irby, combined with their knowledge of Rice's intoxication, which creates their liability for the subsequent accident." Clearly the act of placing a drunk driver at the wheel of the car did not create a danger to the Reed family specifically. The court of appeals found that the act "rendered the Reeds and the other motorists on Route 130 vulnerable to a dangerous driver."

*Id.* (quoting *Reed*, 986 F.2d at 1127). As clarified by the Seventh Circuit itself some years later, liability was only allowed in *Reed* because "the plaintiffs were within a small, defined group of potential victims" and "the threat of harm to other motorists was limited in both time and scope." *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 828 (7th Cir. 2009) ("The drunk driver [in *Reed*] jeopardized the safety of only those motorists traveling on the same highway, and only for a matter of hours"). *See also Crockett*, 2013 WL 2983117 at *6 ("[T]he Court finds the Seventh Circuit's subsequent interpretation of *Reed* to be particularly helpful in understanding the contours of the discrete class requirement."). To this extent, *Reed* is consistent with Third Circuit law. But other courts have recognized that *Reed*'s treatment of state-created harm to "random" victims is at odds with settled Third Circuit law. *See Leidy v. Borough of Glenolden*, 277 F. Supp. 2d 547, 566 (E.D. Pa. 2003), *aff'd sub nom. Liedy v. Borough of Glenolden*, 117 F. App'x 176 (3d Cir. 2004) (citing *Reed* for the proposition that "some circuits have implicitly rejected the 'some relationship' requirement of the *Kneipp* test").

In this case, though, it is unnecessary to decipher *Reed* or demarcate the contours of Seventh Circuit state-created danger precedent. *Reed* is not binding authority for this Court or this case. What *is* binding is *Morse*'s recognition that *Reed* "is illustrative" of the proposition that "[s]ome of the cases that have applied the state created danger theory have held state actors liable for creating a risk to a definable class of persons." *Morse*, 132 F.3d at 913. It is certainly not in doubt that a risk to "a definable class of persons" is actionable under a state-created danger theory. But, as compelled by *Russell*, (and not overturned by *Morse*'s citation to *Reed*) it is also not in doubt that the danger created by an insufficiently secured prison is a danger to the "public in general" and thus not actionable under a state-created danger theory.

Finally, Plaintiffs' proffered geographically-based classification is also unavailing because the "public in general" rule already internalizes the argument that those living closer to an alleged state-created danger face a higher probability of harm than those living elsewhere. The danger created by government action in a state-created danger case is rarely (perhaps never) a real threat to the truly "general" population. It is, instead, always a true plausible threat to the general population of some more limited geographical area. For example, in *Martinez* (the case commonly cited at the birthplace of the "public in general" rule) the state's decision to release a known-dangerous individual into a local community, *Martinez*, 444 U.S. at 279, did not pose a danger to the public at large in a more global sense.[13] Thus, when the Supreme Court said that the state was not liable, in part, because the "parole board was not aware that [the decedent], as distinguished from the public at large, faced any special danger," the Court internalized that geographical distinctions alone are problematic when classifying the created danger. *See id.* at 285. Quite certainly, the *Martinez* decedent faced a greater danger of harm (at the hands of the *Martinez* parolee) than an individual living farther away, but both were classified as members of the "public at large." And, indeed, this seems to be the proper way to understand the "public at large" rule: while it might be *more* foreseeable that those residing around some danger allegedly created by the state might be victims of harm (that is, more likely to be injured from a probability perspective), without some specific relationship or other indication that they are especially likely to be harmed by the government's act, they are not *sufficiently* discrete or foreseeable to warrant state-created danger liability.[14] While, this Court cannot say with certainty that there will *never*

---

[13] Or, at least, it posed only a nominal "greater danger" to the public at large in a more global sense.

[14] There is also likely an underlying empirical question as to whether those living where Ms. Long lived—that is, within eyesight of the Jail—did, in fact, face a greater threat of harm than those living farther away. One might well conclude that those hoping to run away from Jail would also usually hope to quickly run somewhere where they would *not* be within eyesight of the Jail. Without more, "closeness" to the Jail does not necessarily equate to an enhanced risk.

12

be a geographic classification that satisfies the state-created danger test, under *Russell*, geographic proximity is not sufficient to satisfy the third prong of the test on *these* facts.

This is all to say: (1) the *harm to the public in general is not enough* rule is still controlling law in this Circuit, and (2) *Russell* holds that an insufficiently secured prison creates a harm to the public in general, rather than to any specific class of persons. Thus, Plaintiffs cannot sustain a valid state-created danger theory claim. *See Smith v. Sch. Dist. of Philadelphia*, 2009 WL 667455, at *3 (E.D. Pa. Mar. 10, 2009) ("A plaintiff's failure to satisfy any of the four elements defeats his state-created danger claim."); *Lipscomb*, 2013 WL 706046, at *5 (holding the same).

Plaintiffs' remaining claims allege state law violations of the Pennsylvania Wrongful Death Act, 42 Pa. Con. Stat. Ann § 8301, and Survival Act, 42 Pa. Con. Stat. Ann § 8302. *See* ECF No. 1, at 15–17. A District Court may decline to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367. Furthermore, the Third Circuit has recognized, "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir.1995)) (emphasis in original). Here, all of Plaintiffs' federal claims—that is, all of the claims over which this District Court had original jurisdiction—will be dismissed. Considerations of judicial economy, convenience, and fairness do not provide an affirmative justification for maintaining Plaintiffs' state law claims. As such, the Court will dismiss these state law claims without prejudice for want of jurisdiction. *See Burnsworth v. PC Lab.*, 364 F.

App'x 772, 776 (3d Cir. 2010) (affirming a District Court's decision to decline supplemental jurisdiction over state law claims when the federal claims had been dismissed); *Alexander v. New Jersey State Parole Bd.*, 160 F. App'x 249, 251 (3d Cir. 2005) (same).[15]

It has been noted by one commentator that "there is no series of cases that are more consistently depressing than the state-created danger decisions"[16]—and it may be that this case brings vitality to that observation. Ms. Long's horrific death was a stark tragedy. Nonetheless, the state-created danger theory does not allow a federal law recovery for these claims. Indeed, the Court concludes that *Russell* precludes it.

An appropriate Order will issue.

Mark R. Hornak
United States District Judge

Dated: May 31, 2016

cc: All counsel of record

---

[15] The Court concludes that given the controlling precedent in this Circuit, any effort at amendment would be futile. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 246 (3d Cir. 2008).

[16] Erwin Chemerinsky, *The State-Created Danger Doctrine*, 23 TOURO L. REV. 1 (2007).

14

APPEAL,CLOSED

# U.S. District Court
## Western District of Pennsylvania (Pittsburgh)
### CIVIL DOCKET FOR CASE #: 2:15-cv-01447-MRH

LONG et al v. ARMSTRONG COUNTY et al
Assigned to: Judge Mark R. Hornak
Case in other court: Third Circuit, 16-03027
Cause: 28:1331 Fed. Question

Date Filed: 11/04/2015
Date Terminated: 05/31/2016
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**
**TARA L. LONG**

represented by **Claire McGee**
Kontos Mengine Law Group
603 Stanwix Street
Two Gateway Center, Suite 1228
Pittsburgh, PA 15222
412-709-6162
Fax: 412-904-3820
Email: cmcgee@kontosmengine.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**George M. Kontos**
Kontos Mengine Law Group
603 Stanwix Street
Two Gateway, Suite 1228
Pittsburgh, PA 15222
412-709-6162
Fax: 412-904-3820
Email: gkontos@kontosmengine.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**TODD J. LONG**
*Administrators of the Estate of TAMMY E. LONG, Deceased*

represented by **Claire McGee**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**George M. Kontos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

A-18

V.

**Defendant**

**ARMSTRONG COUNTY**               represented by    **David J. MacMain**
*doing business as*                                 MacMain Law Group LLC
ARMSTRONG COUNTY JAIL                               101 Lindenwood Drive
                                                    Suite 160
                                                    Malvern, PA 19355
                                                    484-318-7703
                                                    Fax: 484-328-3996
                                                    Email: dmacmain@macmainlaw.com
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**DAVID HOGUE**                    represented by    **David J. MacMain**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 11/04/2015 | 1 | COMPLAINT against ARMSTRONG COUNTY, DAVID HOGUE (Filing fee, including Administrative fee, $400, receipt number 0315-3762382), filed by TARA L. LONG, TODD J. LONG. (Attachments: # 1 Civil Cover Sheet) (ksa) (Entered: 11/05/2015) |
| 11/09/2015 | 2 | Summons/Return of Service Returned Unexecuted by TARA L. LONG as to ARMSTRONG COUNTY. (Kontos, George) Modified on 11/12/2015 to remove document from public view as filed in error. (ksa) (Entered: 11/09/2015) |
| 11/09/2015 | 3 | Summons/Return of Service Returned Unexecuted by TARA L. LONG as to DAVID HOGUE. (Kontos, George) Modified on 11/12/2015 to remove document from public view as filed in error. (ksa) (Entered: 11/09/2015) |
| 11/09/2015 | 4 | NOTICE that instant civil action has been designated for placement into the United States District Court's Alternative Dispute Resolution program. Parties are directed to fully complete the required 26(f) report, which includes the stipulation of selecting an ADR process. Counsel for plaintiff (or in the case of a removal action, counsel for removing defendant) shall make service of the notice on all parties. (bdb) (Entered: 11/09/2015) |
| 11/09/2015 | 5 | STANDING ORDER ON CIVIL MOTION PRACTICE. Signed by Judge Mark R. Hornak on 11/9/15. (bdb) (Entered: 11/09/2015) |
| 12/07/2015 | 6 | NOTICE of Appearance by David J. MacMain on behalf of ARMSTRONG COUNTY, DAVID HOGUE. (MacMain, David) (Entered: 12/07/2015) |
| 12/08/2015 | 7 | |

A-19

| | | WAIVER OF SERVICE Returned Executed by DAVID HOGUE, ARMSTRONG COUNTY. ARMSTRONG COUNTY waiver sent on 11/9/2015, answer due 1/8/2016. (MacMain, David) (Entered: 12/08/2015) |
| --- | --- | --- |
| 12/08/2015 | 8 | WAIVER OF SERVICE Returned Executed by DAVID HOGUE, ARMSTRONG COUNTY. DAVID HOGUE waiver sent on 11/9/2015, answer due 1/8/2016. (MacMain, David) (Entered: 12/08/2015) |
| 01/08/2016 | 9 | MOTION to Dismiss for Failure to State a Claim by ARMSTRONG COUNTY, DAVID HOGUE. (MacMain, David) Modified on 1/11/2016 to edit docket text. (ksa) (Entered: 01/08/2016) |
| 01/08/2016 | 10 | BRIEF in Support re 9 Motion to Dismiss *Plaintiff's Complaint* filed by ARMSTRONG COUNTY, DAVID HOGUE. (MacMain, David) (Entered: 01/08/2016) |
| 01/11/2016 | | CLERK'S OFFICE QUALITY CONTROL MESSAGE re 9 Motion to Dismiss. ERROR: Wrong event selected. CORRECTION: Re-docketed as Motion to Dismiss for Failure to State a Claim. This message is for informational purposes only. CLERK'S OFFICE QUALITY CONTROL MESSAGE re 9 Motion to Dismiss for Failure to State a Claim. ERROR: Proposed Order was made part of main document. CORRECTION: Attorney MacMain advised that in future proposed orders are to be made separate PDF documents and filed as an attachment to the main document. This message is for informational purposes only. (ksa) (Entered: 01/11/2016) |
| 01/12/2016 | 11 | MOTION to Strike 1 Complaint *Pursuant to Fed.R.Civ.P. 12(f)* by ARMSTRONG COUNTY, DAVID HOGUE. (Attachments: # 1 Proposed Order) (MacMain, David) Modified on 1/13/2016 to add additional docket text. (ksa) (Entered: 01/12/2016) |
| 01/13/2016 | 12 | ORDER denying 11 Motion to Strike. The Motion to Strike is denied without prejudice, on several grounds. First, the Court concludes that the matters raised by the Motion to Strike are better resolved as part of the disposition of the pending Motion to Dismiss. Second, it appears to the Court that the Motion is premature, in that it seeks to have the Court resolve an evidentiary issue at a juncture at which the Court does not have a record that would enable it to do so. Third, on the merits, it facially appears to the Court that the Defendants' reliance on Fed. R. Evid. 407 is inapt, in that the challenged portions of the Complaint do not recite "subsequent remedial repairs", but relate to the conduct and results of official governmental investigations, rather than any "remedial" actions taking in reliance upon them. See Fed. R. Evid. 803(8). Signed by Judge Mark R. Hornak on 01/13/2016. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (Hornak, Mark) (Entered: 01/13/2016) |
| 01/22/2016 | 13 | RESPONSE IN OPPOSITION *TO DEFENDANTS MOTION TO DISMISS* to 9 Motion to Dismiss for Failure to State a Claim, filed by TARA L. LONG, TODD J. LONG. (Attachments: # 1 Proposed Order) (Kontos, George) (Entered: 01/22/2016) |
| 01/22/2016 | 14 | |

A-20

| | | |
|---|---|---|
| | | BRIEF in Support of 13 Response in Opposition filed by TARA L. LONG, TODD J. LONG. (Kontos, George) (Entered: 01/22/2016) |
| 01/29/2016 | 15 | REPLY BRIEF re 9 Motion to Dismiss for Failure to State a Claim filed by ARMSTRONG COUNTY, DAVID HOGUE. (MacMain, David) (Entered: 01/29/2016) |
| 02/05/2016 | 16 | NOTICE of Appearance by Claire McGee on behalf of TARA L. LONG, TODD J. LONG. (McGee, Claire) (Entered: 02/05/2016) |
| 02/09/2016 | 17 | SCHEDULING ORDER. An Oral Argument is hereby SCHEDULED for February 17, 2016 at 9:30 AM in Courtroom 6A before Judge Mark R. Hornak. Counsel shall be prepared to argue 9 Motion to Dismiss. Signed by Judge Mark R. Hornak on 2/9/16. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (bdb) (Entered: 02/09/2016) |
| 02/09/2016 | 18 | ORDER RESCHEDULING ORAL ARGUMENT. The Oral Argument set for February 17, 2016 at 9:30 AM is hereby RESCHEDULED for February 17, 2016 at 11:00 AM in Courtroom 6A before Judge Mark R. Hornak. Signed by Judge Mark R. Hornak on 2/9/16. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (bdb) (Entered: 02/09/2016) |
| 02/17/2016 | 19 | ORDER. The Oral Argument set for THIS DATE, February 17, 2016, at 11:00 AM is hereby CONTINUED pending further Order of Court. Signed by Judge Mark R. Hornak on 2/17/16. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (bdb) (Entered: 02/17/2016) |
| 02/17/2016 | 20 | SCHEDULING ORDER. A Telephonic Status Conference is SCHEDULED for 2/17/16 at 11:30 AM before Judge Mark R. Hornak. The Court will initiate the call via the phone numbers provided on the docket, unless participating counsel advises the Court otherwise. Signed by Judge Mark R. Hornak on 2/17/16. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (jad) (Entered: 02/17/2016) |
| 02/17/2016 | 21 | Minute Entry for proceedings held before Judge Mark R. Hornak: Telephonic Status Conference held on 2/17/16. (Court Reporter: Julie Kienzle) (jad) (Entered: 02/17/2016) |
| 02/18/2016 | 22 | SCHEDULING ORDER. An Oral Argument is hereby SCHEDULED for February 25, 2016 at 11:00 AM in Courtroom 6A before Judge Mark R. Hornak. Counsel shall be prepared to argue 9 Motion to Dismiss. Signed by Judge Mark R. Hornak on 2/18/16. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (bdb) (Entered: 02/18/2016) |
| 02/25/2016 | 23 | Minute Entry for proceedings held before Judge Mark R. Hornak: Oral Argument held on 2/25/16. (Court Reporter: Julie Kienzle) (jad) (Entered: 02/25/2016) |
| 04/20/2016 | 24 | |

A-21

| | | NOTICE *of Additional Authority* by ARMSTRONG COUNTY, DAVID HOGUE re 9 Motion to Dismiss for Failure to State a Claim (MacMain, David) (Entered: 04/20/2016) |
|---|---|---|
| 04/21/2016 | 25 | ORDER. Plaintiffs may file any Response to Defendant's 24 Notice of Additional Authority on or before April 28, 2016. Signed by Judge Mark R. Hornak on 4/21/16. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (bdb) (Entered: 04/21/2016) |
| 04/21/2016 | 26 | RESPONSE *to Defendant's Additional Authority* to 25 Order, Set Deadlines, 24 Notice, filed by TARA L. LONG, TODD J. LONG. (Kontos, George) (Entered: 04/21/2016) |
| 04/22/2016 | 27 | CORRESPONDENCE received by Chambers from Attorney Kontos dated April 20, 2016. (bdb) (Entered: 04/22/2016) |
| 05/31/2016 | 28 | OPINION re federal claims and state law claims. Signed by Judge Mark R. Hornak on 5/31/16. (bdb) Modified on 6/1/2016. (jsp) (Entered: 05/31/2016) |
| 05/31/2016 | 29 | ORDER. It is hereby ORDERED that Plaintiff's federal claims brought via 42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE; Plaintiff's state law claims brought under the Pennsylvania Wrongful Death Act and Survival Act are DISMISSED WITHOUT PREJUDICE. Signed by Judge Mark R. Hornak on 5/31/16. (bdb) (Entered: 05/31/2016) |
| 06/29/2016 | 30 | NOTICE OF APPEAL as to 29 Order, Terminate Civil Case, by TARA L. LONG, TODD J. LONG. Filing fee $505, receipt number 0315-4008129. Motion for IFP N/A. Certificate of Appealability N/A. Court Reporter(s): Julie Kienzle. The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. The Transcript Purchase Order form will NOT be mailed to the parties. The form is available on the Court's internet site. (McGee, Claire) (Entered: 06/29/2016) |
| 06/29/2016 | 31 | CERTIFICATE OF SERVICE re 30 Notice of Appeal by TARA L. LONG, TODD J. LONG (McGee, Claire) (Entered: 06/29/2016) |
| 06/30/2016 | | CLERK'S OFFICE QUALITY CONTROL MESSAGE re 30 Notice of Appeal. ERROR: Signature on document and filer do not match. CORRECTION: Attorney advised of signature requirements. Attorney to resubmit the document using the *ERRATA* event (Located under "Other Documents" in the electronic filing system). Attorney also advised to link ERRATA event to 30 Notice of Appeal. This message is for informational purposes only. (jv) (Entered: 06/30/2016) |
| 06/30/2016 | | CLERK'S OFFICE QUALITY CONTROL MESSAGE re 31 Certificate of Service. ERROR: Signature on document and filer do not match. CORRECTION: Attorney advised of signature requirements. Attorney to resubmit the document using the *ERRATA* event (Located under "Other Documents" in the electronic filing system). Attorney also advised to link ERRATA event to 31 Certificate of Service. This message is for informational purposes only. (jv) (Entered: 06/30/2016) |

A-22

| 06/30/2016 | 32 | Errata re 30 Notice of Appeal, by TARA L. LONG, TODD J. LONG. Reason for Correction: matching signature with filer. (Kontos, George) (Entered: 06/30/2016) |
|---|---|---|
| 06/30/2016 | 33 | Errata re 31 Certificate of Service by TARA L. LONG, TODD J. LONG. Reason for Correction: Match signature with filer. (Kontos, George) (Entered: 06/30/2016) |
| 06/30/2016 | 34 | CERTIFICATE OF SERVICE *of the corrected Notice of Appeal to match the signature with the name of the filer* by TARA L. LONG, TODD J. LONG re 32 Errata (Kontos, George) (Entered: 06/30/2016) |
| 07/01/2016 | | NOTIFICATION TO THIRD CIRCUIT COURT OF APPEALS re 34 Certificate of Service, 33 Errata, 32 Errata (jsp) (Entered: 07/01/2016) |
| 07/12/2016 | 36 | TRANSCRIPT REQUEST re 30 Notice of Appeal, by TARA L. LONG, TODD J. LONG for proceedings held on 02/25/2016 before Judge Mark R. Hornak, from Court Reporter(s): Julie Kienzle. (Kontos, George) (Entered: 07/12/2016) |
| 07/12/2016 | 37 | CERTIFICATE OF SERVICE *of the Transcript Purchase Order Request* by TARA L. LONG, TODD J. LONG re 36 TPO (Transcript Purchase Order Request) (Kontos, George) (Entered: 07/12/2016) |
| 08/11/2016 | 38 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on February 25, 2016 before Judge Mark R. Hornak. Court Reporter Juliann A. Kienzle, Telephone number 412.261.6122. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely, electronically available to the public without redaction after 90 calendar days. For redaction purposes, or otherwise, during this 90 day period a copy of the transcript may be purchased from the court reporter or viewed at the clerk's office public terminal. **Any Notice of Intent to Request Redaction and Redaction Request must be separately mailed to the court reporter of said proceedings.** Notice of Intent for Redaction of Personal Data Identifiers due by 8/18/2016. Redaction Request due 9/1/2016. Redacted Transcript Deadline set for 9/12/2016. Release of Transcript Restriction set for 11/9/2016. (jak) (Entered: 08/11/2016) |
| 08/12/2016 | | Record complete for Appeal purposes. The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified copy of the docket entries. (ksa) (Entered: 08/12/2016) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 09/23/2016 14:38:17 | | |
| PACER Login: | gkontos62712:4565322:0 | Client Code: |
| Description: | Docket Report | Search Criteria: | 2:15-cv-01447-MRH |
| | 5 | Cost: | 0.50 |

A-23

| Billable Pages: | | | |
|---|---|---|---|

A-24

## CERTIFICATE OF SERVICE

We, George M. Kontos, Esquire and Claire McGee, Esquire, hereby certify that a true and correct copy of the foregoing Appendix-Volume I was filed on September 23, 2016 with the Clerk of Court using the CM/ECF system and thereby becoming immediately available to the following:

THE MACMAIN LAW GROUP, LLC
David J. MacMain
101 Lindenwood Drive, Suite 160
Malvern, PA 19355
*Attorney for the Defendants-Appellees, Armstrong County d/b/a*
*Armstrong County Jail and David Hogue*

By: /s/ George M. Kontos
George M. Kontos, Esquire
gkontos@kontosmengine.com

By: /s/ Claire McGee
Claire McGee, Esquire
cmcgee@kontosmengine.com

KONTOS MENGINE LAW GROUP
603 Stanwix Street
Two Gateway Center, Suite 1228
Pittsburgh, PA 15219
*Attorneys for Plaintiffs-Appellants*

A-25