*In The*

# United States Court of Appeals

*for the*

# Third Circuit

Case No. 16-3027

TARA L. LONG; TODD J. LONG, Administrators
of the Estate of Tammy E. Long, Deceased,

*Appellants*

v.

COUNTY OF ARMSTRONG, doing business as
Armstrong County Jail; DAVID HOGUE

*Appeal from an Order entered from the*
*United States District Court for the Western District of Pennsylvania*

## BRIEF FOR APPELLEES

NICOLE C. FREILER, ESQ.
Email: nfreiler@macmainlaw.com
DAVID J. MACMAIN, ESQ.
Email: dmacmain@macmainlaw.com
MACMAIN LAW GROUP
101 Lindenwood Drive, Suite 160
Malvern, Pennsylvania 19355
(484) 318-7106

*Attorneys for Appellees,*
*County Of Armstrong, d/b/a Armstrong*
*County Jail, and David Hogue*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...................................................................... iii

IDENTIFICATION OF THE PARTIES .................................................1

COUNTER-STATEMENT OF THE ISSUES ON APPEAL

    A.    WHETHER, IN RULING ON DEFENDANTS/APPELLEES'
         MOTION TO DISMISS, THE DISTRICT COURT
         PROPERLY DETERMINED THAT TAMMY LONG WAS A
         MEMBER OF THE GENERAL PUBLIC AND NOT A
         MEMBER OF A "DISCRETE CLASS OF PLAINTIFFS"
         UNDER THE THIRD PRONG OF THE 'STATE CREATED
         DANGER' TEST? ....................................................................2

    B.    WHETHER THE HARM TO TAMMY LONG WAS
         FORESEEABLE AND FAIRLY DIRECT?..........................................2

    C.    WHETHER ARMSTRONG COUNTY d/b/a/ ARMSTRONG
         COUNTY JAIL AND DAVID HOGUE, AS STATE
         ACTORS, ACTED WITH WILLFUL DISREGARD FOR
         TAMMY LONG AND OTHER MEMBERS OF THE
         GENERAL PUBLIC? ..............................................................2

COUNTER-STATEMENT OF THE CASE ...........................................3

    A.    Relevant Factual Background ...............................................3

         ACJ's Trustee Program .........................................................3

         Crissman's Incarceration and Criminal History...................4

    B.    Relevant Procedural History .................................................6

COUNTER-STATEMENT OF THE STANDARD OF REVIEW ..........................7

SUMMARY OF ARGUMENT ..............................................................8

ARGUMENT ....................................................................................11

    A.    The District Court Properly Granted Defendant/Appellee's
         Motion To Dismiss Because It Properly Determined That
         Tammy Long Was A Member Of The General Public And
         Not A Member Of A Discrete Class Of Plaintiffs ...........................13

B.    Plaintiffs Failed To Establish The Remaining Three Prongs
Of The State Created Danger Test ......................................................19

1.    The harm to Ms. Long was neither foreseeable nor
direct..........................................................................................19

2.    Defendants Did Not Act With A Degree Of Culpability
That Shocks The Conscience ....................................................22

CONCLUSION ......................................................................................................24

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Bowers v. DeVito*,
    686 F.2d 616 (7th Cir. 1982) ........................................................................15

*Bright v. Westmoreland County*,
    443 F. 3d 276 (3d Cir. 2006) ..............................................................*passim*

*Commonwealth Bank & Trust Co., N.A. v. Russell*,
    825 F.2d 12 (3d Cir. 1987) ................................................................*passim*

*D.M. ex re. Ray v. Philadelphia Housing Authority*,
    613 Fed. Appx. 187 (3d Cir. 2015) ............................................................20

*DeShaney v. Winnebago County*,
    489 U.S. 189 (1989)......................................................................8, 10, 11, 12

*Fagan v. City of Vineland*,
    22 F.3d 1296 (3d Cir. 1994) ......................................................................12

*Fetterman v. Westmoreland County Children's Bureau*,
    No. 2:15-cv-773, 2015 WL 5007952 (W.D. Pa. Aug. 20, 2015) ............19, 20

*Fox v. Curtis*,
    712 F.2d 84 (4th Cir. 1983) ........................................................................15

*Henry v. Philadelphia Adult Probation and Parole Dept.*,
    No. 05-4809, 2007 WL 2670140 (E.D. Pa. Sept. 6, 2007) ....................13, 20

*Humann v. Wilson*,
    696 F.2d 783 (10th Cir. 1983) ....................................................................16

*In re Adams Golf, Inc. Sec. Litig*,
    381 F.3d 267 (3d Cir. 2004) ..........................................................................7

*Janan v. Trammell*,
    785 F.2d 557 (6th Cir. 1986) ......................................................................16

*Kaucher v. County of Bucks*,
    455 F.3d 418 (3d Cir. 2006) ........................................................................22

*Kneipp v. Tedder*,
    95 F.3d 1199 (3d Cir. 1996) ........................................................................12

*Leidy v. Glenolden*,
    117 Fed. Appx. 176 (3d Cir. 2004) ........................................................ 15-16

*Martinez v. California*,
    444 U.S. 277 (1980) ..................................................................................14

*Morse v. Lower Merion School District*,
    132 F.3d 902 (3d Cir. 1997) ...........................................................13, 17, 18

*Navolio v. Lawrence County*,
    406 Fed. Appx. 619 (3d Cir. 2011) ...........................................................22

*Omnipoint Communications Enters., L.P. v. Newtown Township*,
    219 F.3d 240 (3d Cir. 2000) ........................................................................7

*Phillips ex rel. Estate of Phillips v. Northwest Regional Communications*,
    391 Fed. Appx. 160 (3d Cir. 2010) ............................................................19

*Phillips v. County of Allegheny*,
    515 F.3d 224 (3d Cir. 2008) ...................................................................7, 19

*Rouse v. Plantier*,
    182 F.3d 192 (3d Cir. 1999) ......................................................................22

*Sanford v. Stiles,* 456 F. 3d 298
    (3rd Cir. 2006) ......................................................................................9, 10

*Schieber v. City of Philadelphia*,
    320 F.3d 409 (3d Cir. 2003) ................................................................. 11-12

**Statutes & Other Authorities:**

14th Amendment to the U.S. Constitution ....................................................9

42 U.S.C. § 1983 ................................................................................*passim*

Fed. R. Civ. P. 12(b)(6) ...................................................................................7

L.A.R. 28.1(a)(1) .............................................................................................2

## <u>IDENTIFICATION OF THE PARTIES</u>

Plaintiffs/Appellants are Tara L. Long and Todd J. Long, Administrators of the Estate of Tammy E. Long, deceased.

Defendants/Appellees are Armstrong County, doing business as the Armstrong County Jail, and David Hogue, former Warden of the Armstrong County Jail.

# COUNTER-STATEMENT OF THE ISSUES ON APPEAL[1]

A.    WHETHER, IN RULING ON DEFENDANTS/APPELLEES'
MOTION TO DISMISS, THE DISTRICT COURT PROPERLY
DETERMINED THAT TAMMY LONG WAS A MEMBER OF THE
GENERAL PUBLIC AND NOT A MEMBER OF A "DISCRETE
CLASS OF PLAINTIFFS" UNDER THE THIRD PRONG OF THE
'STATE CREATED DANGER' TEST?

   ***Suggested Answer:***       ***Yes***

B.    WHETHER THE HARM TO TAMMY LONG WAS
FORESEEABLE AND FAIRLY DIRECT?

   ***Suggested Answer***:       ***No***

C.    WHETHER ARMSTRONG COUNTY d/b/a/ ARMSTRONG
COUNTY JAIL AND DAVID HOGUE, AS STATE ACTORS,
ACTED WITH WILLFUL DISREGARD FOR TAMMY LONG
AND OTHER MEMBERS OF THE GENERAL PUBLIC?

   ***Suggested Answer:***       ***No***

---

[1] Appellant's Brief does not conform to Third Circuit L.A.R. 28.1(a)(1), as his
Statement of the Issues fails to include a "designation by reference to specific
pages of the appendix or place in the proceedings at which each issue on appeal
was raised, objected to, and ruled upon. L.A.R. 28.1(a)(1).

## COUNTER-STATEMENT OF THE CASE

### A.    Relevant Factual Background

Because the District Court was ruling on Defendant/Appellees' Motion to Dismiss, it was required to accept as true the allegations contained in Plaintiff/Appellee's Complaint.

### ACJ's Trustee Program

At Armstrong County Jail ("ACJ") there exists an inmate trustee program whereby certain trusted inmates, referred to as "trustees", are assigned tasks including laundry, cleaning, and maintaining the exterior of the facility. (Pet. App. A-37 at ¶ 18.) Trustees are housed in a separate unit and some are given outside privileges, allowing them to perform work outside of the jail. (Id. at ¶ 19.) Trustees are supervised by security cameras while working outside of the jail's four walls. (Id. at ¶ 21.)

One of the tasks performed by trustees is referred to as "tray duty." (Id. at ¶ 22.) Trustees performing tray duty wait just outside of the jail's kitchen door for a van to arrive delivering meals on trays. (Id)

3

## Crissman's Incarceration and Criminal History

On July 23, 2015, Robert Crissman ("Crissman") was incarcerated at ACJ for violating his parole. (Id. at A-36, ¶ 16.) Crissman's criminal history included charges of theft, criminal trespassing, breaking and entering, driving under the influence, and use/possession of drugs and drug paraphernalia. (Id. at ¶ 14.) Crissman had never been arrested for a violent crime.

On July 29, 2015, Crissman was made a "trustee." (Id. at A-37, ¶ 24) On July 30, 2015, Crissman volunteered for, and was subsequently assigned, to tray duty. (Id at ¶ 25.)

On July 29, 2015, in accordance with their tray duty responsibilities, Crissman and two other inmate trustees were permitted to walk down a hall, through several sets of doors which were remotely opened from a central location, to the outside of the jail. (Id. at ¶ 28.) The inmates were monitored by Central Control via cameras. (Id. at ¶ 29.)

As the food van arrived, Crissman unexpectedly, and without warning, ran past the van towards the gun range and eventually into the woods and outside of the jail's premises. (Id. at A-39, ¶ 31.) Another trustee immediately notified a correctional officer that Crissman had fled. (Id. at ¶ 32.) The correctional officer radioed to Central Control who immediately notified the on-duty lieutenant. (Id.)

4

Initial attempts by the lieutenant to contact the warden were not immediately successful. (Id.) Within 15 minutes of Crissman fleeing from ACJ, the on-duty lieutenant contacted 911. (Id. at ¶ 33.)

While Kittanning Police were being contacted by the jail, Crissman ran to the residence of an acquaintance, Terry Slagle. (Id. at ¶ 34.) Mr. Slagle lived with decedent Tammy Long, who was inside the home with Slagle when Crissman arrived. (Id.) Mr. Slagle and Ms. Long invited Crissman into their home and, at 7:20 a.m., Slagle went to work, leaving Long at home with their acquaintance Crissman. (Id. at ¶ 36.) It is alleged that, after Slagle left for work, Crissman beat and strangled Long to death. (Id. at ¶ 37.)

At approximately 2:30 p.m., Slagle returned home from work and found Long's body. (Id. at ¶ 38.) Slagle subsequently contacted the Kittanning police. (Id.)

On July 31, 2015, at approximately 7:30 a.m., the Kittanning police were able to track, find, and capture Crissman after a high speed car chase. (Id. at ¶ 39.)

Crissman was subsequently charged with the murder of Long and he was, at the time Plaintiff's Complaint was filed, awaiting trial.[2] (Id. at ¶ 39.)

**B.    Relevant Procedural History**

Plaintiffs/Appellants filed the present action on November 4, 2015 (Doc. No. 1-1) alleging four (4) causes of action, all in the nature of a §1983 'state-created-danger' claim with the only difference being that the first two counts are asserted against Armstrong County (wrongful death and survival respectively) and the second two claims are asserted against Warden Hogue (wrongful death and survival respectively).

Defendant/Appellees filed a timely Motion to Dismiss Plaintiffs' Complaint on January 8, 2016. (Doc. 9.) The District Court held oral argument on Defendant/Appellees Motion to Dismiss on February 25, 2016. (Doc. 23.)

On May 31, 2016, the District Court entered an Opinion and Order granting Defendant/Appellee's Motion to Dismiss and dismissing Plaintiff/Appellant's Complaint in its entirety. (Docs. 28 and 29.) That Order is the subject of the present appeal, which was timely filed by Plaintiff/Appellant's on or about June 29, 2016.

---

[2] On May 21, 2016, after Plaintiffs' Complaint was filed, Robert Crissman was found guilty of charges including murder in the first degree related to Ms. Long's death.

## COUNTER-STATEMENT OF THE STANDARD OF REVIEW

"The standard of review for a dismissal under Fed.R.Civ.P. 12(b)(6) is *de novo*. *Phillips v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008) (citing *Omnipoint Communications Enters., L.P. v. Newtown Township*, 219 F.3d 240, 242 (3d Cir. 2000). Accordingly, this Court may affirm if it is "certain that no relief could be granted under any set of facts which could be proven." *In re Adams Golf, Inc. Sec. Litig*, 381 F.3d 267, 273 (3d Cir. 2004).

# SUMMARY OF ARGUMENT

Plaintiffs/Appellants in the present case sought to impose liability upon Armstrong County Prison and former Warden David Hogue under a §1983 'state-created danger' theory of liability for failing to protect their decedent Tammy Long, when she and her live-in boyfriend Terry Slagle invited David Crissman, an escaped prisoner from ACJ and an acquaintance of Long and Slagle, into their home. While the allegation that underlies this claim - that Crissman murdered Long after Slagle left to go to work - is tragic, it cannot serve as the basis for a viable 'state-created danger' claim as a matter of law. Namely, as stated by the Supreme Court in the seminal 'state-created danger' case, *DeShaney v. Winnebago County,* 489 U.S. 189 (1989):

> Judges and lawyers, like other humans, are moved by natural sympathy in a case like this to find a way for [Long's family] . . .to receive adequate compensation for the grievous harm inflicted upon [Long]. But before yielding to that impulse, it is well to remember once again that the harm was inflicted not by [ACJ or Warden Hogue], but by [Robert Crissman].

*Id.* at pp. 202-203.

Likewise, as this Court has made clear, when assessing proposed state-created danger (1) public entities such as correctional facilities are not the guarantors of safety from private violence, *Bright v. Westmoreland County,* 443 F.

8

3d 276 (3rd Cir. 2006), (2) the 14th Amendment applies to the *affirmative* misuse of governmental power, not a failure to act such as is alleged in the present case, *Sanford v. Stiles,* 456 F. 3d 298 (3rd Cir. 2006), and (3) there is no special relationship or duty to protect the general public. *Commonwealth Bank & Trust Co., N.A. v. Russell*, 825 F.2d 12 (3d Cir. 1987) ("*Russell*").

Applying the applicable legal standard to the facts of the present case, Plaintiff's 'state-created danger' claim fails for multiple reasons.

First, as the District Court properly held, there was no "special relationship" or special duty established between Defendants/Appellees and Long that made them responsible for the criminal actions of Inmate Crissman. Rather, Ms. Long, as a matter of law, was no more vulnerable to the criminal actions of an escaped prisoner, then any member of the public at large. *Russell*, 825 F.2d 12 (3d Cir. 1987). Thus, while tragic, Plaintiff/Appellants fail to satisfy the "special relationship" prong of the state created danger test and their Complaint was properly dismissed by the District Court on this ground alone.

Second, the sad end to this incident that Crissman - who had no history of violence, escape, or attempted escape during several prior incarcerations when he was a trustee inmate at ACJ - would unexpectedly flee from the prison, go to this specific home, be freely invited into the house by his acquaintances Tammy Long

9

and Terry Slagle, be left alone at the home with Ms. Long after Mr. Slagle left for work, and sometime later, kill Ms. Long – was neither foreseeable nor direct.

Third, the actions of the Defendants/Appellees were not the type of "conscience-shocking" behavior that is required to support a state-created-danger claim.

Fourth, the actions or inactions of Defendants/Appellees did not create a danger to Long that rendered her *more vulnerable* to danger, than had they done nothing at all.

In short, although this case is sad, as cautioned by the Supreme Court in *DeShaney,* and applied by the Third Circuit in *Sanford*, *Bright*, and *Russell*, the 14th Amendment does not recognize a cause of action under facts such as are present in the instant case – no matter how sympathetic Plaintiffs' claims may be. Indeed, as more fully discussed below, there are multiple decisions that clearly show that the claims asserted here fail as a matter of law. *See, e.g., Commonwealth Bank & Trust Co., N.A. v. Russell*, 825 F.2d 12 (3d Cir. 1987) (Defendant County's Motion to Dismiss granted as §1983 'state-created-danger' claim based upon escaped prisoner's murder of plaintiff's decedents fails as a matter of law). Accordingly, it is clear that the District Court properly granted Defendant/Appellee's Motion to Dismiss.

10

## **ARGUMENT**

To maintain a civil rights action, a plaintiff must prove that defendants deprived her of a federal right while acting under color of state law. 42 U.S.C. § 1983. While governmental actors are not normally liable for injuries caused by private actors, they may be held liable for creating the danger. *DeShaney v. Winnebego County Dep't of Soc. Servs.,* 489 U.S. 189, 195, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989). It is well established that a "State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *Id.* "The Due Process Clause forbids the state itself from depriving individuals of life, liberty, or property without due process of law, but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means. *Id.*

This Court has interpreted *DeShaney* to stand for the proposition that the "Due Process Clause imposes no affirmative duty to protect a citizen who is not in state custody." *Bright v. Westmoreland County*, 443 F.3d 276 (2006). A constitutional violation may, however, still occur "when state authority is affirmatively employed in a manner that injures a citizen or renders him 'more vulnerable to injury from another source than he or she would have been in the absence of state intervention.'" *Id.* (quoting *Schieber v. City of Philadelphia*, 320

11

F.3d 409, 416 (3d Cir. 2003)). "This complement to the *DeShaney* holding has

come to be known in its progeny as the "state-created danger doctrine." *Id.*

To recover under a "state created danger" theory, Plaintiff must prove:

(1) "the harm ultimately caused was foreseeable and fairly direct;

(2) a state actor acted with a degree of culpability that shocks the

conscience;

(3) a relationship between the state and the plaintiff existed such that the

plaintiff was a foreseeable victim of the defendants' acts, or a member of a discrete

class of persons subjected to the potential harm brought about by the state's

actions, as opposed to a member of the public in general; and

(4) a state actor affirmatively used his or her authority in a way that created a

danger to a citizen or that rendered the citizen more vulnerable to danger than had

the state not acted at all." *Id.*

"The cases where the state-created danger theory was applied were based on

discrete, grossly reckless acts committed by the state or state actors using their

peculiar positions as state actors, leaving a discrete plaintiff vulnerable to

foreseeable injury." *Kneipp v. Tedder*, 95 F.3d 1199 (3d Cir 1996) (quoting *Fagan*

*v. City of Vineland*, 22 F.3d 1296 (3d Cir 1994)).

12

**A.    The District Court Properly Granted Defendant/Appellee's Motion To Dismiss Because It Properly Determined That Tammy Long Was A Member Of The General Public And Not A Member Of A Discrete Class Of Plaintiffs**

"[T]he state-created danger theory of liability does not extend to 'those instances where the state action creates only a threat to the general population." *Morse v. Lower Merion School District*, 132 F.3d 902, 913 (3d Cir. 1997). "[T]he state-created danger theory is implicated in an action under § 1983 only where the state actor has created a danger to a 'discrete plaintiff' or to a 'discrete class of plaintiffs.'" *Id.* at 914.

"Residents in the communities surrounding [jails] are part of the 'public at large'… They cannot reasonably be characterized as individuals who defendants knew 'faced any special danger." *Commonwealth Bank & Trust Co., N.A. v. Russell*, 825 F.2d 12, 16 (3d Cir 1987); *see also, Henry v. Philadelphia Adult Probation and Parole Dept.*, No. 05-4809, 2007 WL 2670140 (E.D. Pa. Sept. 6, 2007).

In *Commonwealth Bank & Trust Co., N.A. v. Russell*, 825 F.2d 12 (3d Cir. 1987) *("Russell")*, this Court affirmed the District Court's dismissal of a case with facts very similar to the present case wherein decedents were murdered by an escaped prisoner. In *Russell*, like the present case, the Plaintiff's alleged that the inmate was permitted to escape due to lax security and a failure to take greater

13

precautions. In *Russell*, like is alleged in the present case, the escaped prisoner murdered the decedents. In *Russell*, like the present case, Plaintiff's asserted a state-created danger claim. The District Court, later affirmed by this Court, held that the escaped prisoner – like Inmate Crissman here – was not an agent of the state; that the correctional officials had no reason to believe that the decedents – like Tammy Long here – were in any particular or greater danger than any other member of the public; and there was no 'special relationship' between the decedents and the County. This Court noted that Plaintiffs made a 'sympathetic argument' that people who lived near the prison – like the decedents in *Russell* and Tammy Long here – were at greater risk from escaped inmates; but that residents surrounding the prison are part of the 'public at large' with whom there is no special relationship and whom the County had no affirmative duty to protect. *Id.* at 16 (citing *Martinez v. California*, 444 U.S. 277, 285 (1980)).

In sum, this Court held in *Russell* that while the end result of the prisoner's escape was sad and tragic, "defendants had no knowledge of danger particular to [the decedent], as distinguished from other members of the general public. Moreover, since the prisoner escaped, the causal nexus to defendants' actions is even more attenuated than in cases where the perpetrator of the subsequent crime has been intentionally released." *Id.*

14

In *Fox v. Curtis*, 712 F.2d 84 (4th Cir 1983), which was citied approvingly by this Court in *Russell*, the Fourth Circuit held that the claimants – three females who were raped, brutally beaten, and set on fire by a parolee - did not have an actionable state-created-danger claim as they "were simply members of the general public, living in the free society, and having no special custodial or other relationship with the state …. [T]he state agent defendants here were 'unaware that the [claimants] as distinguished from the public at large faced any special danger.'" *Id*. at 86.

Likewise, in *Russell* this Court also pointed to *Bowers v. DeVito*, 686 F.2d 616, 618 (7th Cir 1982) – a case in which a released offender murdered a local resident -  holding that the "*Bowers* court accurately summarized the general state of the applicable law when it stated that there was no deprivation actionable under § 1983 because '[t]he defendants in this case did not place [plaintiff's decedent] in a place or position of danger; they simply failed adequately to protect her, as a member of the public, from a dangerous man.'" *Id.* (quoting *Bowers*, 686 F.2d at 618.).

The decision in *Russell* is in accord with several other reported decisions – including a decision of the Third Circuit in which state-created-danger claims were dismissed as a matter of law in tragic situations such as this. *See, e.g., Leidy v.*

15

*Glenolden*, 117 Fed. Appx. 176 (3d Cir. 2004) (§1983 'special relationship' claim brought by relatives of victims raped and murdered against police officers who failed to arrest perpetrator dismissed as the victims were no more at risk than any member of the public, and officers did not know that perpetrator was capable of committing heinous crimes, much less that he was on the verge of doing so); *Humann v. Wilson*, 696 F.2d 783 (10th Cir. 1983) (dismissal of suit by plaintiff who was raped by community corrections inmate as no 'special relationship' existed between victim and correctional institution); *Janan v. Trammell*, 785 F.2d 557 (6th Cir. 1986) (County not held liable in suit brought when parolee murdered the wife of the officer who arrested him as no 'special relationship existed).

In an effort to convince this Court that the District Court committed reversible error in granting Defendant/Appellee's Motion to Dismiss, Plaintiffs/Appellants misconstrue the District Court's Opinion and ignore this case-law and the simple fact that this case, although tragic, does not satisfy the state-created danger test's requirement that the victim be a member of a "discrete class" rather than a member of the "general public." Instead, Plaintiffs/Appellants argue that the District Court erroneously held that the "State Created Danger Test applied in *Russell* is inapplicable to the case at bar." This simplification of the District Court's opinion ignores its painstaking analysis of the state-created danger doctrine

16

and the applicability of certain aspects of *Russell* in light of this Court's subsequent

jurisprudence.

> The District Court aptly explained that

>> Certainly, the Third Circuit has not overruled or
>> explicitly questioned the validity of *Russell*; nonetheless,
>> Plaintiffs ask this Court to sidestep its holding for
>> purposes of this case. This Court does not believe that
>> subsequent Third Circuit case law has implicitly
>> overruled *Russell*, and that it is bound to apply *Russell* to
>> this case. *See Crockett v. Se. Pennsylvania Transp. Ass'n*,
>> 2013 WL 2983117, at *1 (E.D. Pa. June 14, 2013), *aff'd
>> sub. nom. Crockett v. Se. Pennsylvania Transpo. Auth.*,
>> 591 F. App'x 65 (3d Cir. 2015)(concluding that
>> plaintiff's argument that a prior precedent "is irrelevant
>> because it preceded the Third Circuit's official adoption
>> of the state-created danger theory in *Kneipp*" has "little,
>> if any merit.").

(Pet. App. at A-10.)

The District Court further explained that the holding in *Russell* is

"substantively consistent with the Third Circuit's later *Morse* and *Bright*

decisions." (Id.) The District Court properly dismissed Plaintiff/Appellant's

argument that *Russell's* requirement that a plaintiff in a state created danger action

must allege that "they faced a particular threat of harm which set them apart from

the general public" is no longer valid in light of *Morse* and *Bright's* statement that

a state-created danger action may be brought by a "discrete class of persons." (Id.)

Instead, the District Court explained that "[i]n this context, these two rules say the

17

same thing. The need to delineate an 'identifiable and discrete class of persons' is to ensure that this 'specific class' is 'a sufficiently discrete group of persons who could have been foreseeable victims' of the harm caused by the government's actions." (Id. at A-10 – A-11.)

After completing its lengthy explanation and analysis of *Russell's* continued relevance post *Morse* and *Bright,* the District Court concluded that because "*Russell* teaches that 'residents in the communities surrounding the jail are part of the public at large,' Plaintiffs' proffered class definition cannot fulfill the third prong of the state-created danger test." (Id.) In reaching this conclusion, the District Court highlighted the fact that *Russell* was cited favorably by this Court in *Morse* and *Bright*, and has subsequently been cited favorably by this Court and others in this Circuit. (Id.)

Simply put, the District Court properly concluded that Plaintiffs/Appellants' claim fails as a matter of law because they simply cannot satisfy the third prong of the state-created danger test because Tammy Long was a member of the "public at large" and not a "discrete plaintiff" with a "special relationship" with the jail.

18

**B.    Plaintiffs Failed To Establish The Remaining Three Prongs Of The State Created Danger Test**

**1.    The harm to Ms. Long was neither foreseeable nor direct**

Even assuming, *arguendo*, that this Court were to find that the District Court was in error when it found that Ms. Long did not have a special relationship with Defendants, the District Court's ruling should nevertheless be affirmed, because Plaintiffs have failed to establish the remaining requirements under the state-created danger test.

To recover under a "state created danger" theory, Plaintiff must prove that the harm ultimately caused was foreseeable and fairly direct. "[A] plaintiff adequately pleads the element of foreseeable harm by alleging 'an awareness on the part of the state actor that rises to [the] level of *actual knowledge* or an awareness *of risk* that is *sufficiently concrete* to put the actors on notice of the harm.'" *Phillips ex rel. Estate of Phillips v. Northwest Regional Communications*, 391 Fed.Appx. 160, 166 (3d Cir 2010) (quoting *Phillips v County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)) (emphasis in original).

"State actors are not liable every time their actions set into motion a chain of events that result in harm." *Fetterman v. Westmoreland County Children's Bureau*, No. 2:15-cv-773, 2015 WL 5007952 (W.D. Pa. Aug. 20, 2015) (McVerry, J.) To show that the state official's conduct was a "fairly direct" cause of an injury, "the

19

plaintiff must plausibly allege that state officials' actions precipitated or were the catalyst for the harm for which the plaintiff brings suit." *Id.* at 284-85. Where defendants' actions are "separated from the ultimate harm by a lengthy period of time and intervening forces and actions" they cannot be said to be "fairly direct." *Id.*

"[F]or purposes of the fairly direct requirement, it 'is insufficient to plead that state officials' actions took place somewhere along the causal chain that ultimately led to the plaintiff's harm.'" *D.M. ex re. Ray v. Philadelphia Housing Authority*, 613 Fed.Appx. 187 *3d Cir. 2015) (quoting *Henry*, 728 F.3d at 285.)). Harm is "fairly direct where the victim was an identifiable individual, rather than a random person with no known connection to the person causing the harm." *Fetterman*, 2015 WL 5007952 at *5.

"In sum, to adequately plead this narrow cause of action for municipal liability, it is incumbent upon Plaintiff to set forth *facts known to [defendants] in advance* regarding foreseeability and a fairly direct causal relationship between the municipal action and the harm…rather than merely relying on 20/20 hindsight after a tragedy has occurred." *Id.* (Emphasis added).

Here, Plaintiffs have pled no facts demonstrating *actual knowledge* or an awareness *of risk* beforehand that is *sufficiently concrete* to have put defendants on

notice that Ms. Long was at risk. There is no indication in Plaintiffs' Complaint that Defendants had any knowledge of any risk of harm to Ms. Long. Ms. Long was nothing more than a "random person with no known connection to the person causing the harm." When Defendants placed Inmate Crissman in the trustee program they had no way of knowing that he posed a risk to Ms. Long or anyone else for that matter.

Moreover, Plaintiffs/Appellants have failed to establish the "fairly direct" requirement. Here, after Inmate Crissman escaped from ACJ, he traveled to the home of his acquaintance, Terry Slagle, who resided with his girlfriend, Ms. Long. (Doc. 1 at ¶ 34.) Slagle and Long invited Crissman into their home and, thereafter, Mr. Slagle left to go to work and Ms. Long agreed to give Crissman a ride into Kittanning. (*Id.* at ¶ 36.) Defendants' action in placing Inmate Crissman in the trustee program was separated by the intervening actions of Ms. Long and Mr. Slagle in inviting Crissman into their home and allowing him to spend the day with Ms. Long.

Plaintiffs/Appellants' failure to plead facts sufficient to establish the "foreseeable" and "reasonably direct" element is fatal to their claim.

21

### 2. Defendants Did Not Act With A Degree Of Culpability That Shocks The Conscience

To recover under a "state created danger" theory, a plaintiff must also prove that the state actor acted with a degree of culpability that shocks the conscience. "The measure of what shocks the conscience is a legal question and there is no clear, calibrated standard. At one end of the spectrum, 'negligent behavior can never rise to the level of conscience shocking.'" *Id.* (quoting *Kaucher v. County of Bucks*, 455 F.3d 418, 425 (3d Cir 2006)). "At the other end of the spectrum are state actions 'intended to injure in some way unjustifiable by any government interest.' Between these extremes, the court must consider the context-specific circumstances of the particular case…" *Id.*

"In a case where state actors have the time to make unhurried judgments, the level of culpability required to shock the conscience is deliberate indifference." *Navolio v. Lawrence County*, 406 Fed.Appx. 619, 624 (3d Cir. 2011). Deliberate indifference requires more than mere negligence. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference "requires obduracy and wantonness, which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk." *Id.*

Here, it cannot be said that Defendants/Appellees' decision to place Crissman, who had no prior history of violence and no prior history of escape or

attempted escape, and who had been a trustee during several prior ACJ commitments without incident or problem, in the trustee program "shocks the conscience." Nor can it be said that Defendants were deliberately indifferent to a serious risk of harm to Ms. Long. Crissman was incarcerated on non-violent charges and was known to ACJ personnel due to his prior incarcerations. There was no way for Defendants/Appellees' to know that, by making Crissman a trustee, they were somehow placing Ms. Long in harm's way. Accordingly, they were not deliberately indifferent and their decision cannot be said to shock the conscience.

## <u>CONCLUSION</u>

For all the foregoing reasons, Defendant/Appellees request that This Court

affirm the decision of the trial court in this matter.


Respectfully submitted,
THE MACMAIN LAW GROUP, LLC

Dated:  <u>October 25, 2016</u>        <u>/s/ David J. MacMain</u>
David J. MacMain (PA No. 59320)
Nicole C. Freiler (PA No. 313812)
The MacMain Law Group, LLC
101 Lindenwood Dr., Suite 160
Malvern, PA 19355
(484) 318-7703
dmacmain@macmainlaw.com
nfreiler@macmainlaw.com
*Attorneys for Defendant/Appellees*
*Armstrong County and David Hogue*

24

<u>CERTIFICATE OF BAR MEMBERSHIP</u>

We hereby certify that we are members in good standing of the United States

Court of Appeals for the Third Circuit.


Respectfully submitted,

THE MACMAIN LAW GROUP, LLC

Dated: <u>October 25, 2016 </u>      <u>/s/ David J. MacMain          </u>
David J. MacMain (PA No. 59320)
Nicole C. Freiler (PA No. 313812)
The MacMain Law Group, LLC
101 Lindenwood Dr., Suite 160
Malvern, PA 19355
(610) 701-3261
dmacmain@macmainlaw.com
nfreiler@macmainlaw.com
*Attorneys for Defendant/Appellees*
*Armstrong County and David Hogue*

25

CERTIFICATE OF COMPLIANCE WITH
TYPE-VOLUME LIMITATION, TYPEFACE
REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

1.     This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(A) because this brief contains fewer than thirty (30) pages and 4,896 words.

2.     This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point Times New Roman type.

Respectfully submitted,

THE MACMAIN LAW GROUP, LLC

Dated:  October 25, 2016        /s/ David J. MacMain
                                David J. MacMain (PA No. 59320)
                                Nicole C. Freiler (PA No. 313812)
                                The MacMain Law Group, LLC
                                101 Lindenwood Dr., Suite 160
                                Malvern, PA 19355
                                (610) 701-3261
                                dmacmain@macmainlaw.com
                                nfreiler@macmainlaw.com
                                *Attorneys for Defendant/Appellees*
                                *Armstrong County and David Hogue*

<u>CERTIFICATION OF DOCUMENT</u>

I hereby certify that the text of the electronic version of this brief is identical to the text of the paper copies that were filed with this court and served upon the attorneys listed in the Certificate of Service. I also certify that Symantec Endpoint Protection, Version 11.0.5002.333, was used on the electronic file of this brief and no virus was detected.

Respectfully submitted,

THE MACMAIN LAW GROUP, LLC

Dated: <u>October 25, 2016</u>          <u>/s/ David J. MacMain</u>
David J. MacMain (PA No. 59320)
Nicole C. Freiler (PA No. 313812)
The MacMain Law Group, LLC
101 Lindenwood Dr., Suite 160
Malvern, PA 19355
(610) 701-3261
dmacmain@macmainlaw.com
nfreiler@macmainlaw.com
*Attorneys for Defendant/Appellees*
*Armstrong County and David Hogue*

<u>CERTIFICATE OF FILING AND SERVICE</u>

I, Robyn Cocho, hereby certify pursuant to Fed. R. App. P. 25(d) that, on

October 25, 2016 the foregoing Brief for Appellees was filed through the CM/ECF

system and served electronically on parties in the case:

George M. Kontos, Esq.

Email: gkontos@kontosmengine.com

Claire McGee, Esq.

Email: cmcgee@kontosmengine.com

Kontos Mengine Law Group

603 Stanwix Street

Two Gateway Center, Suite 1228

Pittsburgh, PA 15222

(412) 709-6162

In addition, the required copies have been sent to the court on the same date as
above.

<u>/s/ Robyn Cocho</u>

Robyn Cocho