**IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT**

---

No.: 16-3027

---

TARA L. LONG and TODD J. LONG,
Administrators of the Estate of TAMMY E. LONG, Deceased,

Appellants,

v.

ARMSTRONG COUNTY d/b/a ARMSTRONG COUNTY JAIL,
and DAVID HOGUE,

Appellees.

---

# REPLY BRIEF OF APPELLANTS

---

On Appeal from an Order of the Honorable Mark R. Hornak, Entered
May 31, 2016 in the United States District Court
for the Western District of Pennsylvania

---

**KONTOS MENGINE LAW GROUP**

GEORGE M. KONTOS, ESQUIRE
CLAIRE MCGEE, ESQUIRE
603 Stanwix Street
Two Gateway Center, Suite 1228
Pittsburgh, Pennsylvania 15222
(412) 709-6162

DATED: November 8, 2016

COUNSEL FOR APPELLANTS

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .............................................................. i, ii

ARGUMENT FOR APPELLANT.................................................. 1

I. A FINDING IN FAVOR FOR THE APPELLANTS WILL NOT OVERRULE THE *RUSSELL* DECISION.............................................................. 1

A. The District Court's characterization of the classifications of "identifiable plaintiff" standard and the *Morse*/*Bright* "discrete class of plaintiffs" standard as "the same thing" was error..........................................................3

CERTIFICATION OF BAR MEMBERSHIP

CERTIFICATION OF COMPLIANCE WITH F.R.A.P. 32(a)

CERTIFICATION OF DUPLICATION

CERTIFICATION OF VIRUS CHECK

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Bright v. Westmoreland County*,
443 F.3d 276 (3d Cir. 2006)........................................................ 1, 3

*Brown v. Commonwealth of Pa. Dept. of Health Emergency Medical Services Training Institute*,
318 F.3d 473 (3d Cir. 2003)........................................................ 2

*Commonwealth Bank and Trust Co. v. Russell*,
825 F.2d 12 (3d Cir. 1987)........................................................1, 3, 4, 5, 8

*County of Sacramento v. Lewis*,
523 U.S. 833 (1998)........................................................2

*Crockett v. Se. Pennsylvania Transp. Ass'n*,
2013 WL 2983117 (E.D. Pa June 14, 2013)....................................2

*Crockett v. Se Pennsylvania Transp. Auth.*,
591 F.App'x 65 (3d Cir. 2015)................................................ 2

*Deshaney v. Winnebago County Dep't of Social Serv.*,
489 U.S. 189 (1989)........................................................ 7

*Estate of Pendleton v. David*,
2007 U.S. Dist. Lexis 32673 (M.D. Pa. 2007)..............................5, 6

*Fox v. Custis*,
712 F.2d 84 (4th Cir. 1983)........................................................ 6

*Humann v. Wilson*,
696 F.2d 783, 784 (10th Cir. 1983).............................................. 7

*Kneipp by Cusack v. Tedder*,
95 F.3d 1199 (3d Cir. 1996)........................................................ 1, 2, 3, 4, 8

*Leidy v. Borough of Glenolden*,
117 Fed. Appx. 176 (3d Cir. 2004).............................................. 7

*Martinez v. California*,
444 U.S. 277 (1980)........................................................... 4

*Morse v. Lower Merion Sch. Dist.*,
132 F.3d 902 (3d Cir. 1997)................................................. 1, 2, 3, 4, 5

*Reed v. Gardner*,
986 F.2d 1122 (7th Cir. 1993)............................................... 4, 5, 6

*Rivas v. City of Passaic*,
365 F.3d 181 (3d Cir. 2004) ..................................................1, 2, 3, 6

*Van Orden v. Borough of Woodstown*,
5 F.Supp 676, 685 (D. NJ 2014)........................................... ....6

**Rules**

42 U.S.C. § 1983 ............................................................... 2, 5

## ARGUMENT FOR APPELLANTS

### I. A FINDING IN FAVOR FOR THE APPELLANTS' WILL NOT OVERRULE THE *RUSSELL* DECISION.

The state created danger test has clearly and unequivocally been amended by this Circuit in *Morse v. Lower Merion School Dist.*, 132 F.3d 902 (3d Cir. 1997) and *Bright v. Westmoreland County*, 443F.3d 276 (3d Cir. 2006) by expanding the third prong's classification of a foreseeable plaintiff to include a discrete class of plaintiffs. *Russell*[1] was not decided using this standard.[2]

This Court has continued to apply the modern test to recent case law even in light of existing precedent that did not apply the current four prongs of the state created danger test. For example, this Court in *Rivas v. City of Passaic*, 365 F.3d 181, 202 (3d Cir. 2004) cites to *Kneipp by Cusack v. Tedder*, 95 F.3d 1199 (3d Cir. 1996), a seminal case that helped establish the contours of the state created danger test, as good law even though the test has changed since the *Kneipp* decision. The court

---

[1] *Commonwealth Bank and Trust Co. v. Russell*, 825 F.2d 12 (3d Cir. 1987).

[2] According to the Briefing Schedule administered to the parties by this Court, Appellees had 30 days from the filing of the Appellants' brief to file a response. Appellants filed their brief on September 23, 2016. Appellees failed to file its response in a timely manner as the brief was filed on October 25, 2016. Pursuant to the Briefing Schedule and Order of this Court, ". . . if Appellee fails to file a brief within the time directed, the matter will be listed on Appellant's brief only and Appellee may be subject to such sanctions as the Court deems appropriate."

further cited to *Morse, supra*[3] and *County of Sacramento v. Lewis*, 523 U.S. 833 (1998)[4] as support of the changes to the state created danger test. The *Rivas* court, although citing the test in *Kneipp*, identified and applied the modifications to the state created danger test (most notably to the second, third and fourth prong) to its set of facts. *Rivas* at 195.

Although *Kneipp* may remain good law, courts, like *Rivas*, have essentially created an asterisks when citing *Kneipp* by acknowledging that the test has been redefined since its decision in 1996.[5] More specifically, Judge Ambro in his concurring opinion in *Rivas* went so far as to suggest that *Kneipp* should be overturned. Judge Ambro stated that the district court's reliance on the *Kneipp* test ". . . cited principles

---

[3] Expanding the third prong to include "discrete class of plaintiffs" as foreseeable plaintiffs

[4] Redefining the second element requiring that the level of culpability had to "shock the conscience. The court also cited to *Brown v. Commonwealth of Pa. Dept. of Health Emergency Medical Services Training Institute*, 318 F.3d 473 (3d Cir. 2003).

[5] In support, the district court cited *Crockett v. Se. Pennsylvania Transp. Ass'n*, 2013 WL 2983117 (E.D. Pa June 14, 2013), *aff'd sub nom. Crockett v. Se Pennsylvania Transp. Auth.*, 591 F.App'x 65 (3d Cir. 2015), stating that Plaintiffs' argument, that *Russell* is inapplicable, is irrelevant because it precedes the Third Circuit's adoption of the "state created danger" test.

However, the district court, relied upon the eastern district court's holding in *Crockett* as support, which is not binding to this Court. Although, Crockett was appealed to the Third Circuit, this Court affirmed that the plaintiffs did not meet the "state created danger" test because they did not allege an affirmative action sufficient under § 1983. 591 F. App'x 65, 66 (3d Cir. 2015). Moreover, the Third Circuit mentions that the *Crockett* opinion is not binding precedent as it was not an opinion by the full court pursuant to I.O.P 5.7. 591 F. App'x 65, * (3d Cir. 2015).

that have since been refined, if not superseded altogether."[6] Judge Ambro further stated,

> "[i]n light of these substantial modifications to the *Kneipp* test, *Kneipp* as shorthand is a misnomer . . . I believe that continuing to cite the *Kneipp* test as "good law," . . . minimizes the extent to which the law of state created danger in our Circuit has changed . . . changes to the third prong . . . have expanded the state-created danger doctrine." *Id.* at 203.

Citing Judge Ambro's opinion may seem to suggest that the Plaintiffs are asking this Court to overturn *Russell*, however, it is evident from the case law that this Court ***has the authority to apply the modified state created danger test without overturning prior precedent*** (i.e. *Kneipp* and *Russell*) that was not decided using the modern test.

**A. The District Court's characterization of the classifications of a "identifiable victim" standard and the *Morse/Bright* "discrete class of plaintiffs" standard as "the same thing" was error.**

Although the *Rivas* court cited favorably to *Kneipp*, what is also clear is that this Court applied the modern state created danger test (not the *Kneipp* test) to its set of facts. Here, the Plaintiffs argue that the modern state created danger test was not applied in *Russell* and was, therefore, misapplied by the District Court when it

---

[6] Judge Ambro identified further modification by this Circuit stating that this Circuit in *Morse v. Lower Merion School Dist.*, 132 F.3d 902 (3d Cir. 1997), ". . . reconsidered the third prong of the *Kneipp* test and suggested that there may be a 'relationship' between the state and the plaintiff merely because the plaintiff was a foreseeable victim, either individually or as a member of a discrete class." *Rivas* at 202, citing *Morse* at 902.

relied on *Russell's* holding. This error is most evident when the court below, in clear disregard of this Court's holding in *Rivas*, went so far as to assert that the applicable standard pre-*Kneipp* (i.e. "specific victim") and post-*Kneipp* ("discrete class of plaintiffs") are the "same thing". This was error.

As the court in *Morse* stated:

> "It seems evident that the Supreme Court's "public at large" language in *Martinez*[7], as well as our statements in *Commonwealth* [*Russell*] . . ., exclude from the reach of the state created danger theory those instances where the state creates only a threat to the general population. But it does not appear this limitation necessarily restricts the scope of § 1983 to those instances where a specific individual is placed in danger. Another view of these cases would allow a plaintiff . . . ***to bring a state created danger claim if the plaintiff was a member of a discrete class of persons subjected to the potential harm brought about by the state's actions. Stated differently, depending on the facts of a particular case, a "discrete plaintiff" may mean a specific person or a specific class of persons.***"

*Morse* at 913. (Internal quotation marks in original)(Emphasis added).[8]

It is clear from case law in the Third Circuit (as well as other courts who have adopted a similar test) that the expansion of the third prong includes instances where the plaintiff may not be specifically identifiable, but rather fits within the ambit of the "discrete class of plaintiffs" standard. See *Reed v. Gardner*, 986 F.2d 1122 (7th Cir. 1993)

---

[7] *Martinez v. California*, 444 U.S. 277 (1980).

[8] The *Morse* court found the plaintiff to be in a discrete class of plaintiffs, but the plaintiffs' claim ultimately failed on whether the plaintiff was foreseeable.

(holding that plaintiffs and other motorists traveling on Route 130 were vulnerable to a dangerous driver were part of a discrete class of plaintiffs); *Estate of Pendleton v. David*, 2007 U.S. Dist. Lexis 32673 (M.D. Pa. 2007) (recognizing the modern state created danger test, including the discrete class of plaintiffs standard and finding that motorists and passengers traveling within the vicinity of the work release program as identifies a sufficient discrete class of plaintiffs).

As the *Morse* court held, ". . . it would not appear that the state-created danger theory of liability under §1983 always requires knowledge that a specific individual has been placed in harm's way." *Id.* at 913. When the state actor creates a specific danger, they need not know who in particular will be hurt. *Reed* at 1127.

This standard was not available at the time *Russell* was decided. Had this Court had the opportunity to analyze the *Russell* facts using the discrete class of plaintiffs standard, it is certainly plausible that it would have found that the plaintiff was member of the discrete class of plaintiffs rather than a specific victim that was not distinct from the general public. Although a discrete class of plaintiffs may include other members of the general public, the relationship must be "sufficiently close to exclude 'those instances where the state actor creates only a threat to the general population,' but not so restrictive as to limit 'the scope of § 1983 to those instances

where a specific individual is placed in danger." See *Van Orden v. Borough of Woodstown*, 5 F.Supp 676, 685 (D. NJ 2014)[9], citing *Rivas* at 197.

Here, the Plaintiffs argue that the limited class before this Court, are residents, including Tammy Long (an acquaintance of Crissman's) who lived in close proximity to the Armstrong County Jail—an eyeshot from the Jail. Like the plaintiffs in *Reed*, *Estate of Pendleton* and *Van Orden*, here, the limited class of plaintiffs are those who were home at the time Crissman escaped and those living within an eyeshot of the Jail. In other words, the discrete class of plaintiffs are those members located near the dangerous condition (Crissman's escape) at that particular place and at that particular time. [10]

---

[9] In *Van Orden*, the plaintiff was driving on a public road, within the path of raging floodwater allegedly unleashed by defendants, shortly after the floodgates opened, at a time (1:00 a.m.) when, it may be reasonably inferred, few vehicles use this road. *Id.* at 688. The court held that the plaintiff was a member of discrete class of plaintiffs. In support the court cited to *Reed,* stating that like the defendants in *Reed*, ". . . who created a dangerous condition on a particular road at a particular time by placing an intoxicated passenger behind the wheel, [d]efendants here allegedly created a dangerous condition on a particular road at a particular time by releasing flood water from the Dam which followed its course along the Salem River and across the roadway." *Van Orden* at 689.

[10] The Appellees cite to several other circuits to support its position that Tammy Long was not a discrete plaintiff but a member of the general public. The Appellees cite to *Fox v. Custis*, 712 F.2d 84 (4th Cir. 1983), a parolee case. "Parolee" cases have been categorized under different rubrics than the one presented in this present case. Typically, in "parolee" cases there is a lengthy lapse of time between the release of the parolee and the crime, as well as a nebulous and non-defined geographic relationship between the victim, and the released prisoner. These "parolee" cases are inapposite to the analysis applied here, as there was no lengthy lapse in time between Crissman escaping and the murder of Tammy Long.

In support of Defendants' argument that Tammy Long was a member of the general public, it cites to *Leidy v. Borough of Glenolden*, 117 Fed. Appx. 176 (3d Cir. 2004) where a parolee murdered and raped the decedent after the police declined to arrest the parolee. The court applying the modern state created danger test held that the plaintiffs failed to prove that the decedent was a member of discrete class of plaintiffs, but rather a member of the general public. This case is inapposite to the case at bar because the time between the defendants refusal to arrest the perpetrator when he tried to turn himself in at the police station and when the crime occurred was over a two day time span. Furthermore, there was no discussion that the crime occurred within the vicinity to the police station or the parolee's residence that would have limited the scope of those who may be foreseeable plaintiffs. Here, the Plaintiffs have sufficiently plead that only a short period of time passed from the moment Crissman escaped and when he murdered Tammy Long. Moreover, the vicinity in which this crime occurred was limited to those immediately near the Jail, not any resident within Armstrong County. Considering Crissman personally knew Tammy, it was foreseeable that he would escape and find refuge at her residence. Furthermore, it was foreseeable that Crissman who had just escaped, knew that the police would be

---

The Defendants also cited *Humann v. Wilson*, 696 F.2d 783, 784 (10th Cir. 1983), holding that the crime was too remote from any action by the state. Approximately two months had passed between the states' action and the crime. This case was decided prior to *Deshaney v. Winnebago County Dep't of Social Serv.*, 489 U.S. 189 (1989).

looking for him and would likely hide in or around the residences located in close proximity to the Jail.

The *Russell* court held that the plaintiffs who resided in the community near the jail were members of the general public because " . . . the defendants were unware of any particular threat to the [named] [plaintiffs]." *Id.* at 16. However, the *Russell* decision does not discuss how close in proximity were the decedents to the jail. Here, Plaintiffs argue that being within the immediate vicinity to the Jail, not just the nearby community as plaintiffs stated in *Russell*, separates them from the general public at large.

While the Plaintiffs are not suggesting that this Court overrule *Russell* in order to find in their favor, we do, however, respectfully request this Court to analyze the case at bar using the adapted rubric of the state created danger test as established in *Morse* and *Bright.* [11]

---

[11] In Plaintiffs' view, such a holding will not necessarily overturn *Russell.* However, Plaintiffs believe there are issues presented by the different holdings via different tests applied by this Circuit (pre and post-*Kneipp*) that may in this Court's view, warrant an *en banc* review of this matter.

**CERTIFICATION OF BAR MEMBERSHIP PURSUANT TO 3d Cir. L.A.R 46.1(e)**

The undersigned hereby certifies that at least one of the attorneys whose names appear on the Reply Brief for Appellant is a member of the bar of the Third Circuit Court of Appeals.

Respectfully submitted,

/s/ George M. Kontos
George M. Kontos, Esquire
Pa I.D.: 62712

# CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

Certificate of Compliance with Type-Volume Limitation, Type Face Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 2340 words, excluding parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office 2013 with 14 font size and Garamond font style.

Respectfully submitted,

/s/ George M. Kontos

George M. Kontos, Esquire
Pa I.D.: 62712

## CERTIFICATION OF DUPLICATION

I hereby certify that the Reply Brief for Appellants that was e-filed with the Court is an exact duplicate of the hard copy of the brief that was physically filed with the Court.

Respectfully submitted,

/s/ George M. Kontos
George M. Kontos, Esquire
Pa I.D.: 62712

## CERTIFICATION OF VIRUS CHECK

I hereby certify that a virus check was performed with Symantec EndPoint Protection version 12.1.6 MP5 and no viruses were found.

Respectfully submitted,

/s/ George M. Kontos
George M. Kontos, Esquire
Pa I.D.: 62712

**CERTIFICATE OF SERVICE**

We, George M. Kontos, Esquire and Claire McGee, Esquire, hereby certify that a true and correct copy of the foregoing Reply Brief of Appellants was filed on November 8, 2016 with the Clerk of Court using the CM/ECF system and thereby becoming immediately available to the following:

THE MACMAIN LAW GROUP, LLC
David J. MacMain, Esquire
Nicole C. Freiler, Esquire
101 Lindenwood Drive, Suite 160
Malvern, PA 19355
*Attorney for the Defendants-Appellees, Armstrong County d/b/a Armstrong County Jail and David Hogue*
dmacmain@macmainlaw.com
nfreiler@macmainlaw.com

By: /s/ George M. Kontos
George M. Kontos, Esquire
gkontos@kontosmengine.com

By: /s/ Claire McGee
Claire McGee, Esquire
cmcgee@kontosmengine.com

KONTOS MENGINE LAWGROUP
603 Stanwix Street
Two Gateway Center, Suite 1228
Pittsburgh, PA 15222
*Attorneys for Plaintiffs-Appellants*